**RAY, Plaintiff-Appellee, v. COLUMBUS (City), Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5358.  Decided March 16, 1956.

Barkan, Brown & Dobbs, Columbus, for plaintiff-appellee.

Morton Y. Reeves, of Counsel, Chalmers P. Wylie, City Atty., R. Patrick West, Senior Asst. City Atty., Columbus, for defendant-appellant.

(DEEDS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment entered on a directed verdict.  At the conclusion of a trial by court and jury, both parties moved for a directed verdict.  Thereupon, the court directed the verdict for the plaintiff in the amount of $1,062.00 and costs and entered judgment on the verdict.

Six errors are assigned all of which raise the same question.  Plaintiff's action was for damages for personal injuries, claimed to have been suffered by her by reason of the negligence of the defendant in the operation of a case loader or a municipal improvement near the corner of West Broad Street and Hartford Avenues in the City of Columbus.  The specifications of negligence are:

(1) Failing to yield a right-of-way to plaintiff.

(2) Failing to signal intention to back into the path of the plaintiff.

(3) Failing to control the loader so as to prevent colliding with the plaintiff.

The answer of defendant was a general denial a second defense of contributory negligence, and the third, at the time of the accident, defendant, city, was engaged in a governmental function. The reply denied the affirmative defenses.

All of the errors assigned are urged but special attention is given to the second and third.

The trial judge made special findings of fact and conclusions of law in which he found the material facts to be as claimed by the plaintiff, and held that the defendant was negligent and that contributory negligence was not proven, nor did the fact that the improvement being made by the city at the time of the accident was in the exercise of a governmental function absolve the defendant from liability for its negligence.

We have read the record and find that there is support for all of the findings of fact and that the conclusions of law as applied to these findings are sound and support the directed verdict and the judgment. We hereinafter comment on special finding of fact No. 5.

The Court held that because of the failure of the city to properly barricade the improvement in which it was engaged at the time and place where plaintiff was injured it was amenable to the terms of §3714-1 (§701.02 R. C.)

Finding of fact No. 3 sets out the nature of the repair job upon which the city was employed at the time of the accident. It is:

"During the morning of June 11, 1952, the defendant city was engaged in street repair work on West Broad Street, a duly dedicated public street within the city, in the vicinity of Hartford Avenue. Such repair work consisted of the removal of the asphalt in a strip 5'5", in width by 39'6" in length lying immediately to the north of the 7' brick gutter along the south curb line of West Broad Street. Such strip was located in the area normally used as a regular bus stop for the Columbus Transit Company."

Finding of Fact No. 5:

"The barricade described in the preceding paragraph of these findings, located as therein recited, qualified as 'traffic control devices' under §4511.04 R. C. (§6307.4 GC) to designate the area in which the city's equipment was actually engaged in work upon the surface of the highway, insofar as vehicular traffic was concerned, but, the barricades being located in a 'U' shape with the open area to such 'U' toward the curb, such barricades were insufficient as to pedestrians, and prospective passengers for bus service, to designate the area as one in which the city's equipment was actually engaged in work upon the surface of the highway within the meaning of §4511.04 R. C. (§6307-4 GC)."

The Bill of Exceptions is most unsatisfactory as it relates to the foregoing finding of fact, which counsel for appellant insists is not

supported by the record. Reference is made to one or more exhibits but none is incorporated in the Bill. It is evident that drawings were made on a blackboard to which the witnesses during their testimony made reference. We direct attention to questions and answers which illustrate the difficulty with which this court is confronted in attempting to interpret and apply the statements of these witnesses. William E. Brannan, foreman of the Asphalt Street Repair Department of the City of Columbus, who directed the placing of the barricades, testifying for the defendant, at page 116 of the record:

"Q. Now, Mr. Brannan, if it will help any and you want to use this sketch on the blackboard, use that.

"A. I can show you on the blackboard.

"Q. All right, if you will just step over here.

"A. Well, somebody has the location of the truck which is right, and when I got there, the loader was right in around here (indicating), and there were barricades went back here. (Indicating) I don't know if that is meant for a barricade there or not, but there was a barricade back here and barricade—four barricades down the center line. Now this barricade here (indicating) I had put there in order when the traffic come up to throw traffic around that patch and this is a brick gutter in here (indicating) there were four barricades in here and one setting over here and down the turn, and of course, we didn't have no barricades on the sidewalk, no need to be if you have them in the brick gutter." (Emphasis ours.)

"Q. How far to the west was the west barricade in the brick gutter?

"A. This barricade (indicating)."

The record is frequently interspersed with such testimony as that which we have just quoted. It is entirely unintelligible to a reviewing court, although, no doubt, understandable to the trial judge and jury. The obligation is upon the appellant to exemplify any error assigned. Manifestly, it fails with respect to special finding of fact No. 5.

It is singular that although the length and the width of the "patch" is definitely set out no mention is made of its depth. It must have been shallow.

However, on the question of the sufficiency of the barricades the trial judge was well within the evidence in holding that they were inadequate to properly warn the plaintiff of danger or to keep her off the repair job.

She says that she does not recall if any barricade was along the curb at Broad Street but that she did not push or step over any barricade as she stepped off the curb. From her testimony, it may be inferred that there was no impediment to her movement from where she was waiting for the bus out into the stret and then back again.

Jesse Payne, a truck driver for the city at the site of the improvement said that there was no barricade along the west end of the "patch," that he drove right in that way.

Robert Donald Parker, testifying for plaintiff says that he does not remember whether or not there was any barricade at the west end of the cut. Mr. Brannan, under whose direction the barricades were placed

said that there was no barricade at the west end of the patch, the place near where the accident occurred, but that it was 25 feet west of this place. The finding is supported that there was no barricade at the west end of the cut proper and that there was no barricade which prevented plaintiff moving into the street from where she was waiting for the bus.

The issues of the assumption of a risk and the contributory negligence of the plaintiff were mixed questions of law and fact as to which the trial judge had full right to make determination.

Taking the view of the record which we do, it is not necessary that we discuss the many cases cited in the fine brief of the city.

We find no error assigned well made.

The judgment will be affirmed.

MILLER, PJ, DEEDS, J, concur.