124

COBB, APPELLEE, *v.* COBB ET AL., APPELLANTS.

[Cite as Cobb v. Cobb (1980), 62 Ohio St. 2d 124.]

(No. 79-933—Decided April 30, 1980.)

Mr. *Richard H. Woods,* for appellee.

Messrs. *Thompson, Hine & Flory* and Mr. *Thomas J. Collin,* for appellants.

*Per Curiam.* In refusing to review appellants' assignments of error, the Court of Appeals cited *Ray* v. *Columbus* (1956), 76 Ohio Law Abs. 97, 99, for the proposition that "[t]he obligation is upon the appellant to exemplify any error assigned." While this is true as a general principle, it merely begs the question of whether, in this instance, appellants should suffer because of the apparent nonfeasance of the trial court clerk in failing to transmit pertinent elements of the record.

Resolution of this issue involves interpretation of the Appellate Rules. App. R. 10(A) provides, *inter alia,* that "* * *[a]fter filing the notice of appeal the appellant shall comply with the provisions of Rule 9(B) [relative to ordering a transcript of the proceedings] and shall take any other action necessary to enable the clerk to assemble and transmit the record." Appellee contends that this provision places an obligation upon appellants to supervise the actions of the trial court clerk to ensure that he transmits every portion of the record that the praecipe requests. We cannot accept such a strained interpretation, for it would render meaningless the duty imposed upon the clerk, by App. R. 10(B), to transmit the record to the Court of Appeals.

This court first confronted a similar problem in *Cincinnati Traction Co.* v. *Ruthman* (1911), 85 Ohio St. 62. Therein, in paragraph one of the syllabus, we established "[t]he general

rule that the law will not permit a party to suffer detriment by reason of the neglect or misconduct of an officer charged with a public duty where such party, in the prosecution of a right, has done everything that the law requires him to do, and fails to attain his right wholly by such neglect or misconduct***." During the following year, in *Pace* v. *Volk* (1912), 85 Ohio St. 413, we addressed the consequences of the failure of a clerk to timely transmit a bill of exceptions to the appellate court. This court concluded that as long as an appellant had complied with his obligation to properly file the bill with the clerk, he should not be denied effective review.[2] Most recently, this court reached the same result in *Welfare Finance Corp.* v. *Estep* (1960), 170 Ohio St. 391, 392, holding that "[t]he defendant in the instant cause should not be precluded from having her appeal heard on the merits for failure of the clerk of courts to perform a ministerial act in connection with the bill of exceptions."

While the Appellate Rules have replaced the bill of exceptions with the transcript of proceedings, and further streamlined the procedure on appeal, the same principles apply. Appellants herein timely filed a notice of appeal and a praecipe requesting that the clerk of courts assemble and prepare the record (including a partial transcript under App. R. 9[B]) for transmission. In so doing, they complied with their duties under App. R. 10(A).[3] The omission of the January 23rd judgment from the record may have been due to the fact that the notice of appeal and praecipe were actually filed before that judgment. However, that judgment, as well as the motion for relief already on file, were still original papers which the clerk was obliged, by App. R. 10(B), to transmit to the Court of Appeals.

When appellants were first informed that parts of the record were missing, they promptly filed a motion under App.

[2] Accord *Porter* v. *Rohrer* (1916), 95 Ohio St. 90, and *Columber* v. *Kenton* (1924), 111 Ohio St. 211.

[3] Local Eighth District Appellate Rule 4(D) must, according to the dictates of App. R. 31, be read consistently with App. R. 10. The local rule requires the appellant "to secure the transmission of the docket and journal entries." Appellee's argument that this rule makes appellants responsible for the clerk's nonfeasance cannot be sustained, since that interpretation would be inconsistent with the clerk's duties under App. R. 10(B).

R. 9(E) to correct the omissions. That rule provides, in part, that "[i]f anything material to either party is omitted from the record by error or accident***the court of appeals, on proper suggestion or of its own initiative, may direct that the omission***be corrected, and if necessary that a supplemental record be certified and transmitted." While the Court of Appeals normally exercises discretion in ruling upon a motion filed pursuant to App. R. 9(E), we find that, in this instance, the appellate court abused that discretion in overruling this motion.[4] The granting of this motion would not have delayed justice, and it would have prevented appellants from suffering an injustice solely because of the nonfeasance of the trial court clerk.

For the foregoing reasons, the judgment of the Court of Appeals is reversed, and the cause is remanded to that court for a decision on the merits.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C. J., HERBERT, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

W. BROWN, J., concurs in the judgment.

---

[4] Accord *Holmes* v. *Krepps* (1972), 32 Ohio St. 2d 134.