This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Donn K. Downs (hereinafter "Downs"), appeals the trial court's finding that he was guilty of driving while his license was suspended and failure to display proper tags. The sole issue before this court is whether the State has improperly fettered Downs' right to travel. For the following reasons, we conclude the trial court properly found Downs guilty and affirm its decision.
Downs was driving a 1977 Chevrolet van southbound on Alliance Road out of Minerva, Ohio, when a police officer traveling northbound in a marked car passed him on the road. The officer noticed the van did not have a license plate on the front. After stopping the van the officer discovered Downs was driving with a suspended license. The officer then arrested Downs for driving with a suspended license, improper tags, and driving without a seatbelt.
At trial, Downs refused the public defender's assistance and, in his closing argument, moved to dismiss his case. That motion was denied and he was convicted of driving with a suspended license and improper tags. He then appealed his case to this Court through the Carroll County Court. The notice of appeal was filed with the county court on July 19, 1999, but was not filed with the Court of Appeals until November 29, 1999. There is an entry on file explaining incorrect procedures had been followed by the court staff. The trial court requests this court accept the appeal as timely. The State did not file an appellee's brief.
Initially, this Court must address whether, due to procedural inadequacies, it can hear this appeal. Clearly, the transmission of the record to the Court of Appeals did not comply with App.R. 10 which required the record be sent within forty days. However, a defendant should not be precluded from having his appeal heard when the clerk of the court failed to perform a ministerial act. Cobb v. Cobb (1980),62 Ohio St.2d 124, 126. Therefore, we will accept Downs' appeal as timely and will address his assignment of error.
Downs' only assigns one error to the actions of the trial court,
 "Whether the appellant has an unalienable/alienable and constitutionally protected right to travel in his choice of conveyance on public ways."
This assignment of error is more like a proposition of law than an assignment of error. However, a review of the record discloses the trial court's action of which Downs complains. Downs' basic argument is the state cannot license people to drive because driving is a constitutional right, not a privilege, and O.R.C. 4507.07 and 4503.21 violate that constitutional right.
The United States Supreme Court has indeed found there is a fundamental right to travel in the United States Constitution. "The word `travel' is not found in the text of the Constitution. Yet the `constitutional right to travel from one State to another' is firmly embedded in our jurisprudence." Saenz v. Roe, 526 U.S. 489, 498. It is "a virtually unconditional personal right, guaranteed by the Constitution to us all."Shapiro v. Thompson, 394 U.S. 618, 643, (Stewart, J. concurring).
However, it is clear from reading the cases dealing with the "right to travel" that the Court is referring to, as hinted in Saenz, the right to interstate travel. This right arises out of two clauses, the Privileges and Immunities Clause and the Interstate Commerce Clause. Shapiro, at 630; United States v. Guest, 383 U.S. 745, 758. These cases illustrate the right to travel is fundamental to the exercise of other rights, not an independent right in and of itself. Furthermore, United States Supreme Court decisions lead to the conclusion that the act of driving is a privilege, not a right. In State v. Uncapher (1995), 70 Ohio Misc.2d 4, the court held:
 "An individual's right or privilege to drive a motor vehicle has been determined to be a property interest sufficient to warrant some constitutional consideration in the due process context only. In Bell v. Burson (1971), 402 U.S. 535, 539, 91 S.Ct. 1586, 1589, 29 L.Ed.2d 90, 94, the court stated: `* * * This is but an application of the general proposition that relevant constitutional restraints limit state power to terminate an entitlement whether the entitlement is denominated a "right" or a "privilege."' Bell stands for the recognition of the privilege to drive as a right significant enough to be worthy of constitutional due process. This court has found no decision that raises the significance of the privilege to drive to the level of a right the deprivation of which would equate to punishment per se, as in jail, fines, or other criminal sanctions." Id. at p. 13.
The Ohio Supreme Court has repeatedly held driving is a privilege, not a right. State v. Gustafson (1996), 76 Ohio St.3d 425, 446 (Douglas, J. concurring); Doyle v. Ohio Bureau of Motor Vehicles (1990),51 Ohio St.3d 46, 52; City of Maumee v. Gabriel (1988), 35 Ohio St.3d 60,63; State v. Tanner (1984), 15 Ohio St.3d 1, 5. Furthermore, another appellate district has dealt with the same claim raised by Downs:
 "Mattingly claims that a license to drive, which complies with the laws of the State of Ohio, is not a prerequisite to driving in the state. Mattingly argues that driving is a right that the state may not infringe upon or take away. Therefore, Mattingly has an absolute right to drive, with or without license.
 "Operating a motor vehicle is not constitutionally guaranteed right. Rather driving is a privilege, which may be regulated by the state. Under the circumstances relevant to this case, Ohio has chosen to require that anyone operating a motor vehicle within the state have a valid driver's license. This restriction on the privilege of driving is reasonable, and is not unconstitutional." (Citations omitted) State v. Mattingly (Nov. 24, 1999), Wayne App. No. 98CA35, unreported.
In light of the case law, this Court cannot hold requiring a license violates the constitutional right to travel. Therefore, Downs' assignment of error is meritless and the judgment of the trial court is affirmed.
DONOFRIO, J. and WAITE, J., Concurs.