OPINION
{¶ 1} This appeal arises from the conviction of Appellant Phillip M. Kuhn in the Belmont County Court, Northern Division, on one count of driving under the influence of alcohol ("DUI") in violation of R.C.4511.19(A)(3). Appellant pleaded no contest to the charge after the trial court overruled his motion to suppress evidence. Appellant is now appealing the three issues he raised in his motion to suppress: (1) whether the arresting officer had reasonable suspicion to stop the vehicle; (2) whether the field sobriety tests were properly administered; and (3) whether Appellant was properly advised of hisMiranda rights prior to making an inculpatory statement. The trial court was correct in overruling Appellant's motion to suppress, and the judgment of the trial court is affirmed.
 {¶ 2} On September 7, 2001, Appellant was stopped while driving on Rt. 40 in Belmont County, Ohio. Sergeant Jeffrey L. Bernard ("Sgt. Bernard") of the Ohio State Patrol made the stop after observing Appellant weaving, crossing the centerline, and driving very slowly on the roadway. (Tr., p. 24.) Sgt. Bernard was traveling eastbound and Appellant was traveling westbound at the time. (Tr., p. 22.) After Sgt. Bernard turned so that he was following Appellant's vehicle, he activated his videotaping camera and recorded the events that followed.
 {¶ 3} Sgt. Bernard pulled Appellant's vehicle over to the side of the road. He approached Appellant's vehicle and noticed an obvious odor of alcohol on Appellant's breath. (Tr., p. 27.) Sgt. Bernard asked Appellant to step out of the vehicle. (Tr., p. 10.) Sgt. Bernard asked Appellant how much he had to drink that evening. (Tr., p. 11.) Appellant told him he had four beers. (Tr., p. 11.) Sgt. Bernard then administered field sobriety tests, including the heel to toe test, the one leg stand test, and the horizontal gaze nystagmus test, all of which Appellant failed. (Tr., pp. 28-32.) Sgt. Bernard administered a portable breath test, which Appellant also failed. (Tr., pp. 32-33.)
 {¶ 4} Sgt. Bernard placed Appellant under arrest and immediately advised him of his Miranda rights. (Tr., pp. 16-17.) Sgt. Bernard asked Appellant why he was driving when he had too much to drink, and Appellant answered that he had no one to take him home. (Tr., p. 18.) Appellant was transported to the highway patrol command post and given a breathalyzer test. Appellant registered .193 on the test.
 {¶ 5} On October 24, 2001, Appellant filed a motion to suppress. A hearing on the motion was held on November 14, 2001. On December 6, 2001, the trial court filed a judgment entry overruling the motion to suppress. The court apparently reconsidered its decision the same day and filed a journal entry ordering oral argument on the issue of Sgt. Bernard's compliance with the requirements for administering field sobriety tests.
 {¶ 6} On January 23, 2002, the court filed an entry it styled as "Second Opinion and Judgment," once again overruling Appellant's motion to suppress. After this supplemental opinion, Appellant decided to plead no contest to the DUI charge, and the court accepted the plea. On January 30, 2002, the court convicted Appellant of the charge of DUI and sentenced him to sixty days in jail, all but six of which were suspended, and a $250 fine. On February 19, 2002, Appellant filed this timely appeal.
 {¶ 7} This Court has previously concluded that the standard of review of a trial court's ruling on a motion to suppress is limited to determining whether the trial court's findings are supported by competent, credible evidence. State v. Winand (1996), 116 Ohio App.3d 286,288, 688 N.E.2d 9. This standard of review is appropriate because, "[i]n a hearing on a motion to suppress evidence, the trial court assumes the role of the trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses." State v.Hopfer (1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321. However, once this Court has accepted those facts as true, it must independently determine as a matter of law whether the trial court met the applicable legal standards. State v. Williams (1993), 86 Ohio App.3d 37, 41,619 N.E.2d 1141.
 {¶ 8} Appellant's first assignment of error asserts:
 {¶ 9} "The county court erred in overruling appellant's motion to dismiss based upon the arresting officer's lack of reasonable suspicion to stop appellant's motor vehicle."
 {¶ 10} Appellant argues that a police officer must have a reasonable suspicion of criminal activity, supported by specific and articulable facts, to justify making an investigatory stop of a vehicle. See State v. Hodge (2002), 147 Ohio App.3d 550, 554, 771 N.E.2d 331. Appellant argues that the videotape of the arrest does not present any reasonable and articulable facts to support Sgt. Bernard's decision to make an investigatory stop. Appellant does not make any more of an argument than this, but simply quotes a part of the suppression hearing transcript. Unfortunately, the actual videotape is not part of the record. We allowed Appellant additional time to file the videotape, but our records show that no video was ever filed. We must, therefore, render our opinion without the benefit of any additional information which may have been supplied by the videotape.
 {¶ 11} Appellee agrees with Appellant's statement of the law governing investigatory stops of vehicles, citing State v. Bobo (1988),37 Ohio St.3d 177, 524 N.E.2d 489, paragraph two of the syllabus, andTerry v. Ohio (1968), 392 U.S. 1, 20-21, 88 S.Ct. 1868, 20 L.Ed.2d 889.
 {¶ 12} The Fourth and Fourteenth Amendments to the United States Constitution as well as Section 14, Article I of the Ohio Constitution prohibit any governmental search or seizure, including a brief investigative stop, unless supported by an objective justification.Terry, 392 U.S. at 20-21, 88 S.Ct. 1868, 20 L.Ed.2d 889. The determination of whether a stop is warranted depends on whether, considering the totality of the circumstances, the officer had an objective and particularized suspicion that, "criminal activity was afoot." State v. Andrews (1991), 57 Ohio St.3d 86, 87, 565 N.E.2d 1271.
 {¶ 13} Appellee contends that any violation of a traffic law may give rise to a reasonable suspicion to make a traffic stop, citing this Court's recent decision in Hodge, supra. Hodge overruled this Court's former rule as stated in State v. Drogi (1994), 96 Ohio App.3d 466,645 N.E.2d 153, which appeared to allow the trial court to evaluate the severity of a traffic violation before determining that there were reasonable articulable facts justifying the traffic stop.
 {¶ 14} Appellee contends that Sgt. Bernard observed Appellant commit a traffic violation prior to turning on the videotape. Appellant contends that Sgt. Bernard's testimony about Appellant's erratic driving, constituting a lane violation (see R.C. 4511.25, 4511.33), was sufficient to support the traffic stop.
 {¶ 15} Appellee is correct in this assessment. Regardless of what appears on the videotape, Sgt. Bernard testified about events and traffic violations prior to the time the videocassette machine began recording. Furthermore, the fact that a vehicle is traveling significantly slower than the speed limit for no apparent reason is a factor that may be considered when reviewing the correctness of a traffic stop. Pepper Pikev. Parker (2001), 145 Ohio App.3d 17, 20, 761 N.E.2d 1069.
 {¶ 16} Sgt. Bernard observed Appellant's vehicle straddling the right lane and the center turning lane. This is a violation of R.C. 4511.25
or 4511.33. Sgt. Bernard clearly explained that this lane violation was a basis for the stop. Based on this violation, Sgt. Bernard was justified in making a brief traffic stop. Sgt. Bernard observed Appellant driving at an unusually slow speed, which may be a traffic violation in some cases. See R.C. 4511.22 (stopping or slow speed violations). Sgt. Bernard also observed Appellant weaving inside the lane, which may not be a direct traffic violation but is certainly a factor that can contribute to the perception that criminal activity is occurring. Based on the totality of the circumstances, the record shows a reasonable and articulable basis for making the traffic stop. For these reasons, we overrule Appellant's first assignment of error.
 {¶ 17} Appellant's second assignment of error argues:
 {¶ 18} "The county court erred in overruling appellant's motion to suppress any comment on the results of field sobriety tests as the State of Ohio failed to establish minimal levels of reliability as to the instructions given concerning and the conditions under which the field sobriety tests were performed, much less prove strict compliance with the applicable standards."
 {¶ 19} Appellant contends the field sobriety tests should not have been used as evidence because the tests were done incorrectly. It is obvious that any error in administering the field sobriety tests would have been harmless because Appellant was convicted under R.C.4511.19(A)(3), which requires proof only that a person was operating the vehicle and that the person had the required amount of alcohol in his body. Field sobriety tests are irrelevant in a prosecution under R.C.4511.19(A)(3), and the field sobriety tests could not have altered the breathalyzer test results. Appellant has not alleged how he may be prejudiced by the introduction of field sobriety tests, and there does not appear to be any possible prejudice that could result from their use at trial.
 {¶ 20} Appellant has also not included the videotape of the field sobriety tests as part of the record. His argument on appeal is that the videotape reveals that the tests were not performed properly. Without the videotape, Appellant has no argument. It is Appellant's responsibility to produce the record on appeal, including the parts of the record required to evaluate the assignments of error, and this Court will presume the regularity of the proceedings of the lower court in the absence of a proper record on appeal. App.R. 9(B); State v. Estrada (1998),126 Ohio App.3d 553, 556, 710 N.E.2d 1168. It is apparent that the trial court thoroughly reviewed the videotape and found Sgt. Bernard had complied with the requirements of the "DWI Detective and Standardized Field Sobriety Testing Manual." This Court must presume the correctness of the trial court's evaluation of the videotape, absent any contrary record on appeal.
 {¶ 21} Other arguments are usually raised when a criminal defendant challenges field sobriety tests (such as lack of probable cause to arrest), but Appellant does not raise any other arguments. There is no need to evaluate how each field sobriety test was administered because the results of those tests have no evidentiary value in a trial for driving with an unlawful concentration of alcohol, R.C. §4511.19(A)(3).
 {¶ 22} Appellant's third assignment of error asserts:
 {¶ 23} "The county court erred in overruling appellant's motion to suppress appellant's statements elicited prior to appellant being advised of his right not to incriminate himself."
 {¶ 24} Appellant appears to argue that Sgt. Bernard failed to explain the Miranda rights to him prior to asking him whether or not he had been drinking. Appellant believes that his confession about drinking four beers should have been suppressed because the confession was the result of custodial interrogation. Appellant also contends that any further evidence related to drinking alcohol should have been suppressed as fruit of the poisonous tree.
 {¶ 25} Appellee correctly cites Berkemer v. McCarty (1984),468 U.S. 420, 104 S.Ct. 3138, 82 L.Ed.2d 317, for the proposition that a motorist is not in "custody" with respect to the requirements of theMiranda rule simply because he has been stopped by a police officer by the side of the road for questioning. It is well established thatMiranda warnings must be given only where the individual being questioned is in custody, in other words, only when the questioning is part of a "custodial interrogation." California v. Beheler (1983), 463 U.S. 1121,1124, 103 S.Ct. 3517, 77 L.Ed.2d 1275. When determining whether an individual is in custody for purposes of Miranda, the court must decide whether there was either a formal arrest made, or a restraint of the individual's freedom of movement commensurate with that of a formal arrest. Id. at 1125. A person will be viewed as being in custody when a formal arrest has occurred or when a restraint on one's freedom of movement has occurred to the degree associated with arrest. Oregon v.Mathiason (1977), 429 U.S. 492, 495, 97 S.Ct. 711, 50 L.Ed.2d 714.
 {¶ 26} Berkemer noted that an ordinary traffic stop does curtail the freedom of action of the detained motorist and imposes some pressures on the motorist to answer questions, but does not sufficiently impair the motorist's exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights. Berkemer,468 U.S. at 421, 104 S.Ct. 3138, 82 L.Ed.2d 317.
 {¶ 27} This Court has held, in accordance with Berkemer, that:
 {¶ 28} "While the Miranda doctrine has been held to apply to custodial interrogation of a suspect accused of a misdemeanor traffic offense, it does not apply to roadside questioning of a motorist detained pursuant to a traffic stop. * * * Although an individual is suspected of driving under the influence of alcohol, the mere fact that an officer's investigation focuses on the individual does not trigger a need for the Miranda warnings." State v. Latham (June 12, 1999), 7th Dist. No. 96-BA-30, citing Berkemer, supra, and Minnesota v. Murphy (1984),465 U.S. 420, 104 S.Ct. 1136, 79 L.Ed.2d 409.
 {¶ 29} Based on Berkemer, there was no custodial interrogation when Sgt. Bernard initially questioned Appellant because Appellant was not in custody for purposes of the Miranda requirements. For this reason, Appellant's third assignment of error is without merit.
 {¶ 30} We are somewhat at a loss to understand the dissenting opinion in this case, which would reverse Appellant's conviction based on a videotape that is not in the record. It is clear from Appellant's arguments that the videotape of the traffic stop would not change the outcome of this appeal. Sgt. Bernard's testimony, rather than the videotape, established that there was probable cause to make the traffic stop. And Appellant cannot succeed in his second and third assignments of error even if we assume, for the sake of argument, that everything he says about the videotape is true. Therefore, even assuming that Appellant's allegations about the facts contained in the videotape are true, his assignments of error do not have merit.
 {¶ 31} App.R. 9(E) provided Appellant with certain remedies to correct the problem of the missing video:
 {¶ 32} "(E) Correction or modification of the record
 {¶ 33} "If any difference arises as to whether the record truly discloses what occurred in the trial court, the difference shall be submitted to and settled by that court and the record made to conform to the truth. If anything material to either party is omitted from the record by error or accident or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the court of appeals, or the court of appeals, on proper suggestion or of its own initiative, may direct that the omission or misstatement be corrected, and if necessary that a supplemental record be certified and transmitted. All other questions as to the form and content of the record shall be presented to the court of appeals."
 {¶ 34} At oral argument, we granted Appellant ten days to file a motion pursuant to App.R. 9(E) to correct the omissions in the record or to submit a copy of the videotape. Although the dissent concludes that we denied Appellant's App.R. 9(E) motion, no such motion was ever filed. At any rate, we presented a remedy to Appellant and he failed to take advantage of it.
 {¶ 35} The dissent would have us completely change the rules and presumptions that Ohio's appellate courts use in reviewing trial court cases. The dissent's conclusion that an Appellant has no duty to check to see if the record on appeal is correctly transmitted is simply incorrect. "This court has repeatedly stressed that it is an appellant's responsibility to provide the court with a record of the facts, testimony, and evidence in support of their assignments of error." Statev. Funkhouser, 7th Dist. No. 02-BA-4, 2003-Ohio-697. If the complete record is properly ordered but is not transmitted to the Court of Appeals, there are steps that the Appellant can take to correct the problem. A criminal defendant who files an appeal does not automatically win the appeal, as the dissent apparently believes, simply because some item of evidence is misplaced or destroyed. We gave Appellant an opportunity to correct the record and he chose not to respond. That is Appellant's prerogative, but it does not prevent us from ruling against Appellant based on the record as submitted.
 {¶ 36} The dissent's reliance on Cobb v. Cobb (1980),62 Ohio St.2d 124, 403 N.E.2d 991, is misplaced. In Cobb, the Eighth District Court of Appeals denied a timely filed App.R. 9(E) motion and dismissed an appeal because the record did not contain a particular motion and corresponding judgment entry. The Supreme Court held that this was an abuse of discretion by the Court of Appeals. Id. at 127. The Supreme Court did not hold that the appeal should be sustained, but rather, only that the appellant should have been permitted to supplement the record so that the appeal could be heard on the merits. Our opinion today is in complete conformity to Cobb. Appellant never filed an App.R. 9(E) motion. Nevertheless, we granted him an opportunity to file the motion or find a copy of the videotape. The deadline passed, and we proceeded to rule on the merits. We have not dismissed this appeal or denied Appellant the chance to supplement the record. Nothing we have done conflicts with the principles set forth in the Cobb case.
 {¶ 37} The dissent's conclusion that a due process violation has occurred is also erroneous because Appellant has not taken advantage of the due process opportunities available to him. A party who fails to utilize the remedies provided by App.R. 9 cannot later assert errors that could have been cured through App.R. 9:
 {¶ 38} "Not only did appellant fail to take advantage of App.R. 9(C) or 9(E) in the trial court and court of appeals, he also failed to supplement the record even after we granted his motion to supplement. `In the absence of an attempt to reconstruct the substance of the remarks and demonstrate prejudice, the error may be considered waived.'" State v.Tyler (1990), 50 Ohio St.3d 24, 41-42, 553 N.E.2d 576, quoting State v.Brewer (1990), 48 Ohio St.3d 50, 61, 549 N.E.2d 491, 502.
 {¶ 39} Having reviewed the merits of this appeal based on the evidence in the record, we overrule Appellant's three assignments of error. The judgment of the trial court is affirmed in full.
Judgment affirmed.
Vukovich, J., concurs.
DeGenaro, J., dissents; see dissenting opinion.