{¶ 1} I must respectfully dissent from the majority's opinion because we cannot presume the regularity of the trial court's proceedings in light of the circumstances in this case. Kuhn's second and third assignments of error are based on the allegedly exculpatory content of the videotape of his traffic stop. As the majority succinctly states, "[w]ithout the videotape, Appellant has no argument." Opinion at ¶ 20. But the majority states it is Kuhn's responsibility to produce the record on appeal and presumes the regularity of the trial court's proceedings in the absence of that videotape. When an appellant has properly ordered the clerk to prepare and transmit the record for appellate review, we should not punish that appellant when the clerk of courts fails to transmit a proper record. Furthermore, it is a due process violation to affirm Kuhn's conviction without access to this allegedly exculpatory evidence when he is materially prejudiced by its absence from the record.
 {¶ 2} The videotape Kuhn refers us to was jointly offered into evidence at Kuhn's suppression hearing and admitted by the trial court. For some reason, that videotape was not in the record transmitted to us. Kuhn's brief urges this court to review the videotape to resolve his assignments of error, so at oral argument we informed counsel that the videotape was not in the record. Subsequently, the trial court clerk informed us that Kuhn's counsel asked the clerk to locate the videotape and that it had been lost. Because the videotape is missing, we are unable to review the merits of Kuhn's arguments.
 {¶ 3} The majority relies on the familiar rule that when the portions of the record an appellant relies upon are missing, we must presume the regularity of the trial court proceedings. Opinion at ¶ 20. I completely agree that when an appellant does not provide this court with the portions of the record necessary to resolve his appeal, we must presume the regularity of the proceedings. But that rule only applies when the appellant has failed to meet his duty under the appellate rules to inform the clerk what portions of the record to prepare for appeal. If an appellant in a criminal case has done all he can to ensure that this court has a complete and accurate record and he is materially prejudiced because portions of the record are still missing, then due process requires that we reverse his conviction.
 {¶ 4} App.R. 10(A) states that the appellant has the duty to take any action necessary to enable the trial court clerk to assemble and transmit the record. This includes ordering "a complete transcript or a transcript of the parts of the proceedings not already on file as the appellant considers necessary for inclusion in the record and file a copy of the order with the clerk" in writing at the time the appellant files a notice of appeal. App.R. 9(B). The trial court clerk then has the duty to prepare and transmit the record to the court of appeals. App.R. 10(B). The Ohio Supreme Court has long held that an appellant should not suffer because of the apparent nonfeasance of the trial court clerk in failing to transmit pertinent portions of the record. Cobb v. Cobb (1980),62 Ohio St.2d 124.
 {¶ 5} In Cobb, the appellants properly ordered that the trial court prepare the record in accordance with App.R. 9(B). At oral argument before the Eighth District Court of Appeals, appellants were first informed that pertinent parts of the record, including the motion for relief and the judgment entry granting relief which was being appealed from, were not included in the record. Appellants filed a App.R. 9(E) motion to correct the omission, but before the appellate court ruled on the motion it dismissed the appeal.
 {¶ 6} The Ohio Supreme Court recognized that although App.R. 9(B) and 10(A) give the appellant the duty to order that the record be prepared, App.R. 10(B) gives the clerk the duty to transmit the record to the court of appeals. So it specifically held that the Appellate Rules do not require that an appellant supervise the actions of the trial court clerk to ensure that he transmits every portion of the requested record. "We cannot accept such a strained interpretation, for it would render meaningless the duty imposed upon the clerk, by App.R. 10(B), to transmit the record to the Court of Appeals." Id. at 125. Once an appellant has asked the reporter and clerk to prepare and transmit the record, he has no duty to double-check that a complete record was, in fact, filed. The Ohio Supreme Court found the court of appeals abused its discretion when it dismissed the appeal because pertinent portions of the record were missing.
 {¶ 7} I realize the majority is not making precisely the same mistake as the Eighth District did in Cobb, but it is making the same fundamental mistake. It is preventing Kuhn from arguing his assignments of error in the manner he wishes because the videotape is missing. Kuhn is "suffer[ing] because of the apparent nonfeasance of the trial court clerk in failing to transmit pertinent elements of the record." Cobb at 125. See, also, Sauvey v. Ford, 6th Dist. No. L-02-1227, 2003-Ohio-222
(The court reporter, not the appellant, bears the responsibility of assuring that the exhibits to the transcript are transferred to the appellate court).
 {¶ 8} In this case, a state actor, the clerk or the reporter, lost the videotape. The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects a criminal defendant from being convicted of a crime when the State fails to preserve materially exculpatory evidence. California v. Trombetta (1984), 467 U.S. 479, 489. This is because defendants are entitled to the "raw materials" and the "basic tools of an adequate defense" and the State should not deny a defendant those materials and tools. Ake v. Oklahoma (1985), 470 U.S. 68,77. These due process principles do not disappear on appeal. See Griffinv. Illinois (1956), 351 U.S. 12 (Due process affords an indigent defendant the right to a trial transcript on appeal). Evidence is materially exculpatory when the evidence possesses an exculpatory value that was apparent before the evidence was destroyed and is of such a nature that the defendant would be unable to obtain comparable evidence by other reasonable means. Trombetta at 489.
 {¶ 9} Because of these due process requirements, Ohio requires that all criminal proceedings involving serious offenses be recorded and allows the defendant to request the proceedings be recorded in non-serious offenses. Crim.R. 22. But sometimes portions of a properly ordered transcript are not prepared or the recording of the proceedings are so unclear or inaudible that it is impossible for the court reporter to adequately transcribe the proceedings. In these situations we are not allowed to presume the regularity of the proceedings if the appellant can demonstrate 1) a request was made at trial that the conferences be recorded or that objections were made to the failures to record; 2) an effort was made on appeal to comply with App.R. 9 and to reconstruct what occurred or to establish its importance; and, 3) material prejudice resulted from the failure to record the proceedings at issue. State v.Palmer (1997), 80 Ohio St.3d 543, 554.
 {¶ 10} Of course, the holding in Palmer is limited to defects in the transcript, but the principles contained within it are applicable to when other portions of the record are missing as well. For instance, inState v. King, 8th Dist. No. 80596, 2002-Ohio-6220, some of the documentary exhibits were missing, but counsel for the appellant was able to obtain a copy of those documents for the appellate court. The appellate court concluded that the appellant was not materially prejudiced by the fact that the appellate court was now examining copies rather than the original documents. Id. at ¶ 69.
 {¶ 11} The same cannot be said in the present case. The videotape is materially exculpatory since it possesses an exculpatory value that was apparent before the evidence was destroyed and we cannot obtain comparable evidence by other reasonable means. Kuhn's assignments of error are based on the allegedly exculpatory information contained in the properly admitted videotape, but we do not have either the original or a copy of that videotape before us on appeal. Without at least a copy of that videotape, Kuhn cannot reconstruct its contents. And it is clear that he is materially prejudiced by the fact that the videotape is missing as this effectively prevents us from reviewing his second and third assignments of error.
 {¶ 12} The majority disagrees with this conclusion, stating that "even if we assume, for the sake of argument, that everything he says about the videotape is true" Kuhn's arguments would still fail on appeal. Opinion at ¶ 30. But the majority never explains how this is true. If the videotape in question was properly provided to this court and depicts exactly what he claims it depicts, then how would his arguments fail? For instance, he claims the video will demonstrate that the officer did not properly conduct the field sobriety tests. If this is true, then it would seriously undermine the State's ability to prevail on Kuhn's motion to suppress his breath test. Likewise, Kuhn claims the videotape will show that the comments he wished to suppress were made after he was arrested by the officer, but before he was Mirandized. If this is true, then it is possible these comments were made as part of a custodial interrogation rather than answers to roadside questioning of a motorist detained pursuant to a traffic stop, so they should be suppressed. The majority itself acknowledges the material prejudice Kuhn suffers when it states that "[w]ithout the videotape, Appellant has no argument." Opinion at ¶ 20. Clearly, Kuhn is materially prejudiced by the fact that the videotape is missing.
 {¶ 13} The majority's criticism of my conclusion is, for the most part, directed at Kuhn's failure to supplement the record pursuant to App.R. 9(E). The majority correctly states that in Cobb the appellant filed a motion to supplement the record when the Eighth District dismissed his appeal. And, although the majority does not mention it, inPalmer the Ohio Supreme Court stated that we may only reverse a conviction when material parts of the record are missing if the appellant makes an effort to comply with App.R. 9 and to reconstruct the missing portion of the record or to establish its importance. But what the majority ignores is that the Ohio Supreme Court has not held that an appellant must actually comply with App.R. 9 before this court can address whether he is materially prejudiced by the trial court clerk's nonfeasance. Instead, it recently held that an appellant must make "an effort to comply with App.R. 9 and to reconstruct what occurred or to establish its importance." Palmer at 554.
 {¶ 14} In this case, Kuhn did attempt to comply with App.R. 9. As the trial court clerk informed this court, his counsel contacted the clerk looking for the tape and the clerk's office responded that it was missing. Accordingly, Kuhn could not have supplemented the record with the videotape or a copy of the videotape. Furthermore, it would be impossible to accurately reconstruct the missing videotape at an App.R. 9(E) hearing.
 {¶ 15} A missing videotape of a traffic stop is different from the normal situation where portions of a trial may be unrecorded or documents missing from the file. When the parties are attempting to reconstruct something like an unrecorded sidebar or unrecorded proceedings in chambers, then they are describing what was said in court, not the manner in which it was said, how the person looked when they said it, or other extraneous facts. This is because all we care about on appeal is what was said. This is just as effectively conveyed by an App.R. 9 alternative as it would be by a transcript; the reconstructed form effectively conveys the substance of the original. We are still able to review the trial court's judgment about the facts presented to it.
 {¶ 16} The same does not necessarily hold true for exhibits. A gun used as a weapon in a crime or bloody clothing which allegedly contains an offender's blood is irreplaceable. Photographs and their negatives can be destroyed. Videotapes can be lost before a copy is made. In these cases, the actual exhibit is what matters. A description of it by the parties in an App.R. 9 alternative simply cannot convey the substance of the original. Kuhn argues that, contrary to the officer's testimony, the videotape will demonstrate that the officer did not correctly administer the field sobriety tests. How can the parties reconstruct the videotape of the officer's instructions about those tests and Kuhn's attempts to perform those tests? They simply cannot. Kuhn also argues the videotape will show he made inculpatory statements after he was arrested, but before he was Mirandized. How are we to judge whether Kuhn's statement is correct? We cannot. In each case, our ability to review the trial court's judgment about the contents of the videotape is destroyed.
 {¶ 17} Since the videotape could not be located and it would be pointless to try to reconstruct it since it is incapable of being reconstructed in an App.R. 9(E) hearing, it would have been futile for Kuhn to file a motion to supplement the record with the videotape. The majority's proposal that appellant file an App.R. 9(E) motion to supplement the record would be a vain act because he has nothing to provide to this court.
 {¶ 18} The videotape's importance is clearly established in Kuhn's brief. It is the basis upon which he argues his second and third assignments of error. Once again, as the majority states, "[w]ithout the videotape, Appellant has no argument." Opinion at ¶ 20. Again, the majority is penalizing Kuhn for failing to file a motion stating that he cannot make his arguments on appeal without the videotape when it is readily apparent by reviewing his brief. Kuhn should not lose on appeal merely because he has not filed a motion which could not possibly grant him the relief he is seeking. Kuhn's actions in this case are sufficient under Palmer to take advantage of the due process opportunities available to him.
 {¶ 19} I hasten to emphasize I do not believe that a criminal defendant should prevail on appeal simply because some item of evidence is misplaced or destroyed. This would be a ridiculous conclusion. In most cases, that missing evidence is not material to the appeal. But in this case, two of Kuhn's assignments of error challenge the trial court's interpretation of what appeared on the videotape and he did not know it was missing until after oral argument. When a criminal defendant has done everything in his power to provide this court with a complete record of the proceedings, the trial court clerk loses an irreplaceable piece of evidence, and the defendant is materially prejudiced by this nonfeasance, I cannot ignore that the appellant has been denied due process of law. It would be a violation of due process for this court to affirm the trial court's judgment in this case without access to the videotape. For these reasons, I cannot agree with the majority's resolution of this case.