DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is on appeal from a judgment of conviction and sentence in the Sylvania Municipal Court for operating a motor vehicle under the influence of alcohol in violation of Sylvania Municipal Code 333.01(A)(1). Counsel for appellant has filed a motion to withdraw pursuant to Anders v. California
(1967), 386 U.S. 738.
 {¶ 2} On May 25, 2002, Officer Gibbs of the Sylvania Police Department observed appellant, George Whitney, operating a motor vehicle on Alexis Road in Sylvania, Ohio. After observing appellant visibly weaving within his lane, Officer Gibbs began following appellant. Appellant eventually turned off Alexis onto Acres Road, and appellant's vehicle continued to weave. After observing appellant spin his tires after stopping at a stop sign, Officer Gibbs activated his overhead lights and stopped appellant's vehicle.
 {¶ 3} Officer Gibbs approached appellant, and noticed that appellant's eyes were "red and glassy." He smelled a strong odor of alcohol coming from appellant, and appellant's speech was highly slurred. Officer Gibbs asked appellant to step from the vehicle. Appellant did not immediately comply, and stated repeatedly that he "lived here." After two other officers arrived and asked appellant to step out of the car, appellant complied. According to Officer Gibbs, appellant was unsteady on his feet.
 {¶ 4} Officer Gibbs then administered field sobriety tests. Appellant tested six out of six on the horizontal gaze nystagmus, or HGN, test. Appellant could not perform the walk and stand test, and refused to attempt the one-leg stand test. Concluding that appellant was intoxicated, Officer Gibbs arrested appellant. Appellant was not Mirandized.
 {¶ 5} On January 27, 2003, appellant filed a motion to suppress all evidence of the field sobriety tests, contending that Officer Gibbs did not have a reasonable suspicion to stop appellant's vehicle. Appellant also moved to suppress any statements made after his arrest, based on Officer Gibbs' failure to read his Miranda warnings.
 {¶ 6} On February 3, 2003, the trial court held a hearing on appellant's motion to suppress, and denied the motion on the basis of the stop's validity. However, the motion was granted as to both appellant's post-arrest statements, and appellant's inability to perform the walk and stand test for insufficient evidence that the testing ground was level. Appellant was subsequently convicted at a bench trial of operating a motor vehicle under the influence of alcohol.
 {¶ 7} On April 23, 2003, appellant was sentenced to 80 days incarceration, with 40 days suspended on the conditions that appellant have no alcohol-related offenses within a five-year period, and that appellant complete an alcohol counseling and treatment program. Appellant's driver's license was also suspended for 18 months, he was fined $650 plus costs, and his vehicle was immobilized for 90 days. The trial court subsequently granted appellant's motion to stay his jail sentence, probation and costs pending this appeal.
 {¶ 8} On October 30, 2003, appellant's counsel moved to withdraw, pursuant to Anders, supra. Counsel states that he has thoroughly and conscientiously reviewed the record and can find no reasonable basis for appeal. In conformity with Anders,
counsel submitted a brief setting forth considered and rejected potential assignments of error. A copy of this brief and counsel's motion to withdraw were submitted to appellant who was advised of his right to file a brief in his own behalf. Appellant has not submitted a brief.
 {¶ 9} Appellate counsel states that possible assignments of error are whether the trial court's ruling on the motion to suppress was correct and whether the conviction was against the manifest weight of the evidence.
 {¶ 10} "Miranda warnings must be given prior to any custodial interrogation regardless of whether the individual is suspected of committing a felony or misdemeanor." State v.Buchholz (1984), 11 Ohio St.3d 24, syllabus. The trial court correctly granted appellant's motion to suppress any evidence of post-arrest statements appellant may have made, since Officer Gibbs acknowledged that no Miranda warnings were given to appellant at the time of his arrest or any time thereafter.
 {¶ 11} The trial court correctly denied appellant's motion to suppress based on a lack of reasonable suspicion to make a traffic stop. In order to make an investigatory stop of a vehicle, a law enforcement officer must merely have reasonable articulable suspicion that an offense has been committed, not probable cause. State v. Bobo (1988), 37 Ohio St.3d 177, paragraph two of the syllabus. "Reasonable suspicion means the officer `must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion [or stop].' Bobo at 178, citing Terry v. Ohio (1968), 392 U.S. 1, 20-21." State v.Hodge (2002), 147 Ohio App.3d 550, 554, 2002-Ohio-3053, ¶ 11.
 {¶ 12} Appellant was weaving within his lane on Alexis Road, and weaving on Acres Road, which has no edge or lane lines. Appellant spun his tires after stopping at a stop sign. The officer had reasonable suspicion to believe that appellant was in violation of Sylvania Municipal Code 331.34(b), failure to control a vehicle. Pepper Pike v. Parker (2001),145 Ohio App.3d 17, 21. Therefore, the trial court correctly denied appellant's motion to suppress based on an improper stop.
 {¶ 13} Appellate counsel also asserts that we may find appellant's conviction to be against the manifest weight of the evidence. A conviction is against the manifest weight of the evidence when a greater amount of credible evidence supports acquittal. State v. Thompkins (1997), 78 Ohio St.3d 380, 387. Challenges to the weight of the evidence attack the credibility of the evidence presented. Id. To overturn a verdict as against the manifest weight, the factfinder must have "clearly lost its way and created such a miscarriage of justice" that the conviction must be reversed. State v. Martin (1983),20 Ohio App.3d 172, 175. A reviewing court must accord due deference to credibility determinations made by the factfinder. State v.DeHass (1967), 10 Ohio St.2d 230.
 {¶ 14} Here, a greater amount of evidence does not support acquittal. Examining the record in its entirety, together with the trial court's finding credible the testifying officer's length of experience and training in detecting alcohol consumption and its effects, we cannot find any evidence weighing in appellant's favor such as to reverse his conviction. Even though the trial court granted appellant's motion to suppress evidence of the walk and turn field sobriety test, because sufficient proof of the area's levelness was not shown the arresting officer's impressions of appellant's intoxication and appellant's failure to pass the HGN test were sufficient to support his conviction. Accordingly, this potential assignment of error is not well-taken.
 {¶ 15} We have carefully reviewed the record and have found no other arguable issue.
 {¶ 16} Upon consideration whereof, the court finds that the issues raised in the Anders brief are without merit and wholly frivolous. Counsel's motion to withdraw is well-taken and, hereby, granted. The judgment of the Sylvania Municipal Court is affirmed. Costs to appellant.
Judgment Affirmed.
Knepper, Pietrykowski and Singer, JJ., concur.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J. Pietrykowski, J. Singer, J. concur.