OPINION
{¶ 1} Appellant, Douglas Gruber ("Mr. Gruber"), appeals the Trumbull County Court of Common Pleas' November 2, 2006 judgment entry, which found that Kerri Gruber ("Ms. Gruber") was not in contempt for failure to abide by the parties' 2006 summer visitation schedule. Appellant challenges the court's decision on the ground that it failed to hold an evidentiary hearing as required by R.C. 2705.05(A). For the *Page 2 
reasons that follow, we agree that an evidentiary hearing was required on appellant's contempt motion. Accordingly, we reverse and remand the decision of the trial court.
 {¶ 2} Pursuant to the trial court's January 6, 2006 order, Mr. Gruber, who resides in Michigan, was named the residential and custodial parent of Glen Gruber, age thirteen, and Ms. Gruber was named the residential and custodial parent of Chloe Gruber, age eleven. The order delineated the summer visitation schedule as follows: with respect to Chloe, the order provided that for "the week of July 9 through July 14, 2006 Chloe Gruber shall visit her father * * * [in Michigan]" and "the week of July 22 through August 6, 2006, Chloe Gruber shall visit her father * * * [in Canada]. Mother shall be responsible for paying for and arranging to fly Chloe to father in Canada."
 {¶ 3} Because Chloe was participating in a national dance competition, Mr. Gruber agreed to forego and re-schedule the first week of visitation so that Chloe could prepare for the competition. However, Mr. Gruber expected Chloe to join him in Canada on July 22, 2006, as part of his family vacation, per the court order. When Chloe was not made available for this visitation period, Mr. Gruber filed a motion to show cause, with an attached affidavit. In his affidavit, Mr. Gruber outlined the above facts and averred that although Ms. Gruber had asked him to reschedule the July 22, 2006 visitation at a hearing held on May 5, 2006, he never agreed to this request. The parties corresponded via e-mail, and Ms. Gruber ultimately advised Mr. Gruber in an e-mail that she would not be delivering Chloe to Canada and that Chloe had made the final decision.
 {¶ 4} A hearing on the show cause motion was set for October 12, 2006. Both parties and counsel were present in court on that date. However, since the guardian ad *Page 3 
litem (GAL) was unavailable, and because Ms. Gruber claimed there had been confusion over the scheduled visitation, the magistrate held the contempt motion in abeyance until he had the opportunity to speak with the GAL regarding the visitation issue. After speaking with the GAL, the magistrate decided not to hold Ms. Gruber in contempt.
 {¶ 5} Mr. Gruber filed objections to the magistrate's decision. Because the contempt proceedings were not recorded, Mr. Gruber's counsel, relying on Civ.R. 53(D)(3)(b)(iii), attached his own affidavit to the motion to explain what transpired at the October 12, 2006 "hearing." Counsel set forth the above facts and further averred that he thought it was the magistrate's intention to reconvene for an evidentiary hearing after speaking with the GAL. However, no evidentiary hearing was ever held, and Mr. Gruber was precluded from providing the court with e-mail correspondence and testimony to rebut Ms. Gruber's claim that there was a misunderstanding regarding visitation. Counsel further averred that he had spoken with the GAL, who also told him that he was unaware of any confusion with regard to Mr. Gruber's summer visitation.
 {¶ 6} The trial court overruled Mr. Gruber's objections and upheld the magistrate's decision to not find Ms. Gruber in contempt. Mr. Gruber filed a timely appeal, raising one assignment of error:
 {¶ 7} "The trial court erred as a matter of law in overruling appellant's objections to the magistrate's decision."
 {¶ 8} Mr. Gruber contends that the trial court erred in failing to hold an evidentiary hearing on his motion to show cause regarding visitation and in failing to find that Ms. Gruber was in contempt for willfully disregarding the court's visitation order. *Page 4 
 {¶ 9} At the outset, we address Ms. Gruber's claim that Mr. Gruber failed to provide this court with an adequate record to review the claimed error. Civ.R. 53(D)(3)(b)(iii) provides that where a transcript of proceedings is not available, the party may object to the magistrate's decision by providing the court with an affidavit of the evidence. Ms. Gruber argues that Mr. Gruber did not comply with Civ.R.53(D)(3)(b)(iii) because rather than attach an affidavit of the evidence presented, he merely attached his counsel's affidavit to show what he would have proven had he gone forward at the scheduled hearing.
 {¶ 10} We disagree. There was never an evidentiary hearing held on Mr. Gruber's contempt motion. The magistrate made the decision to hold the contempt motion in abeyance. Because there was no hearing, there was no evidence presented. Thus, counsel's affidavit could not possibly have summarized the evidence presented. While it may be a procedural anomaly, Mr. Gruber's counsel did what he could to preserve any error for review both to the trial court regarding the magistrate's decision and to this court by outlining in his affidavit the procedural history that transpired and the course of action the magistrate and trial court took. We find that under the circumstances, this was appropriate and the only way Mr. Gruber could object to the magistrate's decision. This constitutes sufficient evidence from which we can review the alleged error.
 {¶ 11} In reviewing the trial court's decision overruling Mr. Gruber's objections that found appellee was not in contempt, we apply an abuse of discretion standard. Tulley v. Tulley (Oct. 12, 2001), 11th Dist. No. 2000-P-0044, 2001-Ohio-4307, at 12. Abuse of discretion "`connotes more than an error of law or of judgment; it implies an *Page 5 
unreasonable, arbitrary, or unconscionable attitude on the part of the court.'" Quonset Hut, Inc. v. Ford Motor Company (1997),80 Ohio St.3d 46, 47, citing Pembaur v. Leis (1982), 1 Ohio St.3d 89, 91.
 {¶ 12} R.C. 2705.031(B)(2) provides that any person who is deprived visitation rights under a visitation order may initiate a contempt action for interference with that order. Contempt of court is defined as "`disobedience of an order of a court' and `conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions.'"Lyons v. Bowers, 11th Dist. No. 2006-L-119, 2007-Ohio-1548, at ¶ 17, citing Denovchek v. Bd. of Trumbull Cty. Commrs. (1988),36 Ohio St.3d 14, 15. The alleged violation of the visitation order, at issue here, would be classified as a civil contempt since it involves a violation which is on the surface an offense against the party for whose benefit the order was made. Tippie v. Patnik, 11th Dist. No. 2005-G-2665,2006-Ohio-6532, at ¶ 42. In contrast, a criminal contempt is punitive in nature, designed to "`vindicate the authority of the law and court.'" Id. at ¶ 40, citing Brown v. Executive 200 (1980), 64 Ohio St. 2d 250,254. The contempt alleged here would also be considered an indirect contempt since the alleged conduct occurred outside the presence of the court but yet would still obstruct the due and orderly administration of justice. Lyons, at ¶ 21.
 {¶ 13} R.C. 2705.05 sets forth the hearing requirements for a contempt procedure and prescribes the penalties for contempt. R.C. 2705.05(A) provides, in pertinent part:
 {¶ 14} "In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that *Page 6 
the accused makes or offers and shall determine whether the accused is guilty of the contempt charge." (Emphasis added.)
 {¶ 15} R.C. 2705.05 is couched in mandatory language requiring a trial court to hold a hearing. The failure to provide the person charged with contempt the opportunity to present evidence is an abuse of discretion.State v. Reister, 11th Dist. No. 2005-L-036, 2006-Ohio-3769, at ¶ 16. The underlying rationale is that in order to protect the due process rights of the accused, he or she "must be afforded an opportunity to defend against the contempt charge." Id. at ¶ 17. Thus, it is without question that the person being charged with contempt has the right to a full evidentiary hearing. Broomfield v. Broomfield (Apr. 20, 1987), 5th Dist. No. CA-6995, 1987 Ohio App. LEXIS 6484, at 6.
 {¶ 16} We recognize that this case presents the unusual situation where the complaining party is seeking redress where no evidentiary hearing was held and where the trial court's decision on the contempt motion was based upon an ex parte communication it had with the GAL. This is not the ordinary case where the complaining party simply seeks a reversal of the dismissal of the contempt charges after an evidentiary hearing has already been held. Under those circumstances, the general rule is that "no right of appeal is available following an acquittal on the merits of a * * * contempt charge" unless the complaining party can prove the existence of prejudice. Denovchek, at 16.
 {¶ 17} Our decision here, however, does not concern the merits of the contempt charge. Rather, this appeal is limited to the question of whether the trial court failed to follow the correct procedures as set forth in R.C. 2705.05 by not holding an evidentiary hearing and instead relying upon the ex parte opinion of the GAL. The trial court *Page 7 
specifically stated in its order that the "contempt motion is held in abeyance" so that it could speak to the GAL who was not present in court at the time the hearing was scheduled. After the court spoke with the GAL, the court opted not to hold an evidentiary hearing, but instead ruled as a matter of law that appellee was not in contempt. We find that in so doing the trial court abused its discretion.
 {¶ 18} R.C. 2705.031(B)(2) specifically affords a person deprived of visitation the right to pursue a contempt action under R.C. 2705.05. In such a case, the civil contempt charge is being brought "to coerce future compliance with the court order." Caldwell v. Caldwell, 4th Dist. No. 02CA17, 2003-Ohio-1752, at ¶ 8. In this respect, the civil contempt is "remedial and coercive in nature." Lyons, at ¶ 23. A contempt procedure, however, loses its effectiveness where the statutory procedure is not followed and where a court carte blanche enters a finding of no contempt without holding a hearing. In fact, in this case, where there was no hearing and no evidence presented and where the trial court relied entirely on the ex parte opinion of the GAL, there is little reason why the contemnor should take the contempt charge seriously or abide by the terms of a future court order. This contravenes the inherent purpose behind bringing forth a contempt charge.
 {¶ 19} We are particularly troubled by the fact that the trial court engaged in ex parte communication with the GAL and did not provide the parties the opportunity to cross-examine him. In Schill v. Schill, 11th Dist. No. 2002-G-2465, 2004-Ohio-5114, at ¶ 57, albeit a case involving a custody determination, we held that the trial court abused its discretion where it communicated ex parte with a GAL and where it did not provide the parties the opportunity to cross-examine the GAL. The same rationale should be *Page 8 
applied to this case. Because R.C. 2707.05 states that a hearing shall be held, the court abused its discretion in failing to hold a hearing and in failing to allow the parties to present evidence and to cross-examine the GAL. As the Sixth District, in Knisley v.Knisley, 6th Dist. No. F-04-024, 2005-Ohio-2090 stressed, the parties should be afforded the right to a full evidentiary hearing. In reversing a finding of contempt, the Knisley court stated:
 {¶ 20} "We conclude that the court's order finding appellant in contempt without providing an opportunity for all of the parties involved to testify constitutes an abuse of discretion. Unlike the support issues, the underlying causes for the visitation issues are factually complicated and cannot be determined without input from all of the parties involved. The trial court should have had the children, who are all now teenagers, and the psychologist involved in the mediations present at the hearing to determine whether an indirect contempt of court had occurred." Id. at ¶ 17.
 {¶ 21} By failing to hold an evidentiary hearing, as required by R.C.2705.05, and instead relying entirely on the ex parte communication of the GAL, we find that the trial court abused its discretion. Appellant's assignment of error is sustained.
 {¶ 22} We reverse and remand for an evidentiary hearing on appellant's contempt motion.
CYNTHIA WESTCOTT RICE, P.J., ROBERT A. NADER, J., Ret., Eleventh Appellate District, sitting by assignment, concur. *Page 1