[Cite as *In re T.J.D.*, 2013-Ohio-1991.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98964**

---

# IN RE: T.J.D.

# A Minor Child

# [Appeal by A.S., Mother]

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. CU 04107697

**BEFORE:** S. Gallagher, J., Boyle, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** May 16, 2013

**FOR APPELLANT**

A.S., pro se
16410 Scottsdale Blvd.
Shaker Heights, OH   44120


**FOR APPELLEE**

J.F., pro se
3539 W. 50th Street
Cleveland, OH   44102


**Also listed:**

**For C.J.F.S.**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:   Joseph C. Young
Assistant Prosecuting Attorney
C.J.F.S.
P.O. Box 93894
Cleveland, OH    44101-5984

SEAN C. GALLAGHER, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. Appellant A.S., pro se, appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, that denied her motion to enforce visitation. For the reasons stated herein, we reverse the decision of the trial court and remand the matter for a hearing on the motion.

{¶2} The underlying action is a child custody proceeding. Appellant is the mother of T.J.D. ("the child"), who was born in June 2003. Paternity was established for the child's father. On December 1, 2004, the child's maternal grandmother filed an application to determine custody.

{¶3} On August 22, 2005, the trial court issued a judgment entry that designated the maternal grandmother as the child's legal custodian, provided visitation for appellant and the child's father, and incorporated the terms of a mediated agreement reached by the parties. On June 26, 2007, appellant filed a motion to modify custody and/or visitation. After a hearing on December 19, 2007, the court magistrate issued a decision indicating that appellant had voluntarily dismissed the motion to modify custody.

{¶4} In the meantime, in August 2007, the maternal grandmother obtained a domestic violence criminal temporary protection order against appellant in the Cleveland

Municipal Court. The child was among those named as a family or household member protected by the order.

{¶5} On January 11, 2012, the court ordered appellant to pay child support and adopted the magistrate's decision on support establishment. On July 10, 2012, appellant filed a motion to modify custody and/or visitation. Appellant sought custody of the child and alleged a change in circumstances had occurred in that she was no longer a minor and that there was possible fraud with regard to earlier proceedings. On July 11, 2012, appellant filed a "motion to enforce visitation pending modification of custody with [a] motion to void." She included a request for a "finding of fact oral hearing."

{¶6} On July 13, 2012, the court magistrate summarily denied the motion to enforce and motion to void and referred the motion to modify custody to the court's mediation unit. On July 20, 2012, appellant filed a motion to set aside the magistrate's order and requested a "finding of fact oral hearing." The trial court summarily denied the motion on August 21, 2012. Appellant timely filed this appeal on September 17, 2012.

{¶7} Appellant's amended assignment of error claims that the trial court abused its discretion by denying her motion to enforce visitation. She states that visitation was not an issue until she filed a motion to modify custody and/or visitation. She further claims in her original brief that the trial court erred in denying her motion without setting forth findings of fact.

{¶8} A trial court's decision concerning visitation rights is reviewed for an abuse of discretion. *See Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). An abuse of discretion implies an attitude that is unreasonable, arbitrary or unconscionable. *Id.,* citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶9} Appellant's pro se motion to enforce visitation specifically included a request for a finding of fact oral hearing. While her motion may have been inartfully worded, it is evident that appellant sought to present evidence at a hearing on her motion and to have the court issue findings of fact. While we have found no authority that mandates a hearing on such a motion, we note that had appellant filed a motion to show cause, R.C. 2705.05(A) mandates a hearing in contempt proceedings. *See In re Gruber*, 11th Dist. No. 2007-T-0001, 2007-Ohio-3188, ¶ 12-14. Additionally, Juv.R. 40(D)(3)(a)(ii) and Civ.R. 53(D)(3)(a)(ii) require that a magistrate's decision include findings of fact when timely requested by a party. Further, Juv.R.40(D)(4)(d) and Civ.R. 53(D)(4)(d) permit a court to hear additional evidence when the party objecting to a magistrate's decision could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

{¶10} In this case, the magistrate summarily ruled on appellant's motion, without including any findings of fact. Upon objecting to the magistrate's decision, appellant again requested a "finding of fact oral hearing." Again, her motion was summarily denied. At no point did the trial court afford appellant the opportunity to present evidence in support of her motion or set forth findings to support its decision. At a

minimum, the magistrate, or the court in ruling on the objections, should have set forth findings to support the court's decision.

{¶11} While the record reflects that a criminal temporary protective order was obtained against appellant in a separate proceeding in 2007, it does not appear that the trial court addressed this order with the parties, nor did the court set this forth as a basis for its ruling. Further, appellant represents that visitation with the child did not become an issue until she filed for modification of custody. Because we have an inadequate record before us, we cannot conduct a meaningful review in the matter.

{¶12} Under the circumstances herein, we find the trial court abused its discretion by summarily denying appellant's motion to enforce visitation. We remand the matter to the trial court for a hearing on the motion. The trial court may consider the motion to enforce visitation in conjunction with the hearing on appellant's pending motion to modify custody and/or visitation, and the trial court is instructed to expedite resolution of the matter.

{¶13} Judgment reversed, and case remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR