OPINION
{¶ 1} Appellant Frank Webster.
 {¶ 2} Appellee is The Timken Company.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts leading to this appeal are as follows:
 {¶ 4} On September 10, 2001, Plaintiff-Appellant Frank Webster filed a Complaint and Praecipe against The Timken Company, which was given case number 2001CV02484.
 {¶ 5} On June 10, 2003, this matter was voluntarily dismissed without prejudice.
 {¶ 6} On June 8, 2004, this matter was sent for re-filing to the Stark County Clerk of Courts via Federal Express "Priority Overnight" mail. Enclosed therewith was a check in the amount of $185.00 and a Civil Cover Sheet.
 {¶ 7} The Complaint was received by the Clerk of Courts on June 9, 2004, but was returned to Appellant via regular U.S. Mail without being filed and/or time-stamped by the Clerk due to a failure by Appellant to place a checkmark in the appropriate place on the Civil Cover Sheet denting same as a "Personal Injury matter. It should be noted that the cover sheet did include the following "this case had been previously filed and dismissed" and further included the prior case number and the name of the previously assigned judge.
 {¶ 8} The returned complaint was received by counsel for Appellant on June 4, 2004, four days after the expiration of the one-year saving statute. Upon receipt of the Complaint, counsel for Appellant placed telephone calls to the Clerk of Courts and to office of Judge Charles Brown to try to remedy the situation.
 {¶ 9} Counsel for Appellant then hand delivered the Complaint and Praecipe to the Stark County Clerk of Court's on June 14, 2004 for re-filing.
 {¶ 10} On * * *, Appellee Timken Company filed a Motion to Dismiss the complaint on the grounds that such was "filed outside the applicable statute of limitations."
 {¶ 11} On * * *, the trial court granted said Motion to Dismiss.
 {¶ 12} Appellant now appeals, raising the following sole Assignment of Error:
 ASSIGNMENTS OF ERROR {¶ 13} "I. The trial court erred in granting the defendant's motion to dismiss."
 I. {¶ 14} In his sole Assignment of Error, appellant argues the trial court erred in granting Appellee's motion to dismiss. We agree.
 {¶ 15} It is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. See, e.g., Cobb v. Cobb
(1980), 62 Ohio St.2d 124, 403 N.E.2d 991. Judicial discretion must be carefully-and cautiously-exercised before this court will uphold an outright dismissal of a case on purely procedural grounds.
 {¶ 16} "Judicial discretion" was defined by the Ohio Supreme Court as: "* * * the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case." Krupp v. Poor
(1970), 24 Ohio St.2d 123, 265 N.E.2d 268, paragraph two of the syllabus.
 {¶ 17} Upon review, we find the facts of this case to be substantially similar to those in Dehart v. Aetna Life Insurance Co., (1982)69 Ohio St.2d 189. In Dehart, counsel for Appellant had inadvertently placed a checkmark on the Praecipe indicating the need for a transcript in his appeal to the Court of Appeals, when in fact there was no transcript because the trial court had disposed of the matter pursuant to summary judgment. Based on the failure of Appellant to file a transcript, the Court of Appeals dismissed the matter sua sponte pursuant to its local rules. Appellant filed a motion for reconsideration and for leave to amend the Praecipe, which the Court of Appeals denied.
 {¶ 18} Upon review, the Supreme Court reversed the lower court, finding:
 {¶ 19} "The particular circumstances of the case sub judice include: (1) appellant's counsel's mistake was inadvertent, correctable and made in good faith, not as part of a continuing course of conduct for the purpose of delay, (2) appellee suffered no prejudice from this error, (3) the Court of Appeals suffered no prejudice from this error since the entire record was before the court at the time the case was dismissed, (4) the sanction of dismissal for a hyper-technical, clerical error is disproportionately harsh in view of the nature of the mistake, and (5) appellant should not be punished for a highly technical error of his counsel."
 {¶ 20} The Supreme Court went on to hold:
 {¶ 21} "Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds. Local rules, at any level of our state court system, should not be used as a judicial mine field, with disaster lurking at every step along the way.
Since appellant's counsel's error was a minor, technical, correctable, inadvertent oversight, we find no conceivable justification for a disposition, by the Court of Appeals, other than on the merits."
 {¶ 22} Based on the foregoing we find that the trial court erred in granting Appellee's motion and dismissing Appellant's Complaint.
 {¶ 23} Appellant's sole Assignment of Error is sustained.
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed.
Boggins, P.J. Farmer, J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed. Costs assessed to appellee.