DECISION AND JUDGMENT
{¶ 1} Plaintiff-appellant, Charlene Beck, appeals the September 19, 2007 judgment of the Fulton County Court of Common Pleas, Domestic Relations Division, which found her in contempt of the court's December 23, 2005 order. For the reasons that follow, we reverse the trial court's judgment.
 {¶ 2} A detailed recitation of the facts in this divorce case would act only to underscore the long and contentious nature of the proceedings below. That noted, we *Page 2 
will refer only to the facts necessary to resolve this appeal. Appellant and appellee, Randall Beck, married in 1983. No children were born issue of the marriage. On December 16, 2003, appellant filed a complaint for divorce
 {¶ 3} The divorce decree was finalized on June 22, 2005. Two nunc pro tunc judgment entries were filed on July 6, 2005, and December 23, 2005. In relevant part, the trial court awarded appellant the lawn care and tree service business, including all of the equipment, and the marital home and household goods and furnishings. Appellee was awarded the 1985 Ford Ranger, a Honda motorcycle, and various tools and miscellaneous items. Appellant was ordered to pay the income and other tax liability for the business for 2004. Appellee was ordered to pay the 2003 tax liability, if any.
 {¶ 4} From 2005 forward, the parties each filed multiple motions to show cause. On July 18, 2006, the magistrate ruled on several issues, including the 2003 tax liability, and further stated "[t]hat as to all other matters pending in the various Motions filed by the parties and presently before the Court, those Motions are dismissed, with the [sic] prejudice."
 {¶ 5} On July 6, 2007, appellee filed the motion to show cause that is the subject of this appeal. Appellee alleged that appellant, contrary to the trial court's July 6, 2005 nunc pro tunc entry, had failed to pay the 2004 income tax liability for the business. Appellee further argued that appellant, contrary to the court's December 23, 2005 nunc pro tunc entry placed a lien against the Honda motorcycle that was awarded to appellee. *Page 3 
 {¶ 6} At the start of the July 6, 2007 hearing, appellant acknowledged receipt of the motion filed the same day. At the conclusion of the hearing, the following exchange occurred:
 {¶ 7} "THE COURT: Do I understand that there was a most recent Motion just filed?
 {¶ 8} "MS. BURNS: That's correct Your Honor. There was a recent Motion filed.
 {¶ 9} "THE COURT: Do we set that for hearing, and hold this in abeyance until that decision or until that full hearing on that is held?
 {¶ 10} "MR. ROBINSON: Your Honor, I would indicate to the Court, having reviewed the Motion just briefly and spoken with my client. The motion that's been filed relates to issues that existed and were before Judge-or Magistrate Altman before the April 2006 hearing. Now what I believe that probably what I am need [sic] to do is to get a transcript of that hearing, and perhaps call the Magistrate himself to testify, to indicated that these were items that were indicated in the April entry, were fully resolved. And that they were not going to come before this Court again, but you know that's clearly hearsay on my part so I would perhaps ask the Court to just allow us some time to determine whether that's true and maybe file a simple brief for the Court.
 {¶ 11} "If it turns out not to be true then clearly we need to set a hearing. The Court can do whatever it needs to do. Whatever time it needs to do it." *Page 4 
 {¶ 12} On July 23, 2007, appellant filed her opposition to appellee's motion to show cause. Appellant argued that the magistrate's July 18, 2006 judgment entry dismissed the issue of the lien against the Honda motorcycle with prejudice and that appellee was not permitted to "regurgitate" the "cause of action."
 {¶ 13} On August 3, 2007, the trial court issued findings of fact and conclusions of law. The court stated that "[t]he Plaintiffs argument that all other Motions which were pending prior to the Magistrate's Order of April 19, 2006[1], were dismissed, is rejected." The court further found:
 {¶ 14} "The Defendant was supposed to receive a motorcycle and the Ranger as part of the property settlement. However, Plaintiff pledged these vehicles to the bank when she attempted to keep the business going, and she was never able to delete the bank's lien, all to Defendant's damage and injury. Moreover, the Plaintiff was Ordered to file for Bankruptcy, which she refused to do, causing economic turmoil to occur. The Plaintiff appears to be in contempt of this Court's Order and for punishment she should be ordered to serve a three (3) day jail sentence at the Corrections Center of Northwest Ohio."
 {¶ 15} On September 19, 2007, the trial court issued its judgment entry which incorporated its August 3, 2007 findings of fact and conclusions of law and sentenced appellant to serve three days at the Corrections Center of Northwest Ohio and ordered *Page 5 
appellant to pay $1,000 of appellee's attorney's fees. Appellant was given the opportunity to purge herself of contempt by delivering clear title to the Ford Ranger and the motorcycle on or before October 3, 2007. This appeal followed.
 {¶ 16} Appellant[2] now raises the following two assignments of error for our consideration:
 {¶ 17} "A. The judge failed to follow the mandates of Ohio Revised Code Section 2705.01 et seq. in finding appellant in contempt and/or violated appellant's due process rights.
 {¶ 18} "B. The court's finding of contempt against the appellant constitutes an abuse of discretion."
 {¶ 19} At the outset we note that the standard of review on trial court's ruling on contempt proceedings is abuse of discretion.Bishman v. Bishman, 4th Dist. No. 07CA30, 2008-Ohio-1394; Layne v.Layne, 10th Dist. No. 03AP-1058, 2004-Ohio-3310. An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1984), 5 Ohio St.3d 217, 219. *Page 6 
 {¶ 20} In her first assignment of error, appellant argues that the trial court erred by finding her guilty of contempt without first conducting a hearing. Contempt proceedings are governed by R.C. Chapter 2705. R.C. 2705.02 provides, in part:
 {¶ 21} "A person guilty of any of the following acts may be punished as for a contempt:
 {¶ 22} "(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer."
 {¶ 23} R.C. 2705.05(A) provides:
 {¶ 24} "In all contempt proceedings, the court shall conduct a hearing. At the hearing, the court shall investigate the charge and hear any answer or testimony that the accused makes or offers and shall determine whether the accused is guilty of the contempt charge."
 {¶ 25} With regard to the above-quoted provisions, Ohio courts have held that prior to a contempt finding, a trial court must first conduct a hearing where the accused may present testimony and offer an argument in his or her defense. Pingue v. Pingue (Nov. 6, 1995), 5th Dist. No. 95CAF02006, citing Vance v. Maddux (Jan. 22, 1991), 5th Dist. No. 24-CA-90; In re Gruber, 11th Dist. No. 2007-T-0001, 2007-Ohio-3188. Accordingly, we find that the trial court abused its discretion when it failed to conduct an evidentiary hearing prior to finding appellant in contempt. Appellant's first assignment of error is well-taken. *Page 7 
 {¶ 26} Based on our disposition of appellant's first assignment of error, we find that appellant's second assignment of error is moot.
 {¶ 27} On consideration whereof, we find that substantial justice was not done the party complaining, and the judgment of the Fulton County Court of Common Pleas, Domestic Relations Division, is reversed and the matter is remanded for proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
 JUDGMENT REVERSED. *Page 8 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
[1] Appellant states that the trial court referred to the incorrect order; the order at issue was journalized on July 18, 2006.
[2] In appellee's brief he raises an assignment of error arguing that the trial court's decision finding him in contempt was in error. Because appellee failed to file a cross-appeal, we are not permitted to consider his argument. See App. R. 3(C). *Page 1