[Cite as *State v. Diersing*, 2012-Ohio-4673.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2012-CA-26 |
| RONALD J. DIERSING, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal appeal from the Delaware County Court of Common Pleas, Case No. 11-CR-I-08-0427

JUDGMENT:      Reversed and Remanded

DATE OF JUDGMENT ENTRY:      October 8, 2012

APPEARANCES:

For Plaintiff-Appellee

CAROL HAMILTON O'BRIEN
PETER B. RUFFING
Delaware County Prosecutor's Office
140 North Sandusky Street
Delaware, OH 43015

For Defendant-Appellant

DAVID BIRCH
2 West Winter
Delaware, OH 43015

*Gwin, P.J.*

{¶1} Appellant Ronald J. Diersing, Jr. ["Diersing'] appeals the November 17, 2011 Judgment Entry of the Delaware County Court of Common Pleas dismissing his motion to suppress as not having been timely filed in accordance with Crim.R. 12(D). Appellee is the State of Ohio.

### Facts and Procedural History

{¶2} On August 12, 2011, Diersing was indicted on one charge of criminal drug possession in violation of R.C. 2925.11(A), a felony of the third degree. Diersing was charged with knowingly obtaining, possessing or using Oxycodone, a Schedule II controlled substance, in an amount equaling or exceeding bulk but less than five times bulk.[1]

{¶3} On October 7, 2011, Diersing was arraigned in Delaware County, Ohio. The Judgment Entry of arraignment was dated October 7, 2011; however, it was not filed in the Delaware County Court of Common Pleas until October 10, 2011.

{¶4} On November 14, 2011, Diersing filed a motion to suppress evidence and statements pursuant to Crim.R. 12(C)(3). The trial court denied this motion on November 17, 2011 without a hearing as being untimely filed.

{¶5} On January 5, 2012, Diersing entered a written plea of no contest to the indictment. On February 13, 2012, the Court sentenced Diersing to four (4) years of Community Control sanctions to be monitored by the Delaware County Office of Adult Court Services.

---

[1] A Statement of the Facts underlying Diersing's original stop are unnecessary to our disposition of this appeal. Any facts needed to clarify the issues addressed in appellant's assignment of error shall be contained therein

*Assignment of Error*

**{¶6}** Diersing raises one assignment of error,

**{¶7}** "I. THE TRIAL COURT ERRED BY FINDING THAT APPELLANTS MOTION TO SUPPRESS WAS NOT TIMELY FILED."

*Analysis*

**{¶8}** Diersing contends that his motion to suppress was filed within the thirty-five day period set forth in Crim.R. 12(D).

**{¶9}** The time for filing a motion to suppress is governed by Crim.R. 12(D), which requires that the motion be made within 35 days after arraignment or seven days before trial, whichever is earlier. The court may exercise its discretion to extend the time for making a motion to suppress where it is "in the interest of justice" to do so.

**{¶10}** The failure to comply with the time requirement of Crim.R. 12(D) constitutes a waiver of the defense or objections, "but the court for good cause shown may grant relief from the waiver." Crim.R. 12(H). See *State v. F.O.E. Aerie* 2295, 38 Ohio St.3d 53, 526 N.E. 2d 66(1988), paragraph two of the syllabus; *State v. Wade*, 53 Ohio St.2d 182, 373 N.E.2d 1244(1978), paragraph three of the syllabus, *vacated in part on other grounds* 438 U.S. 911, 98 S.Ct. 3138(1978); *State v. Moody*, 55 Ohio St.2d 54, 66, 377 N.E.2d 1008(1978).

**{¶11}** Diersing appeared in the trial court on October 7, 2011 for arraignment. The trial court entry of that arraignment was filed on October 10, 2011. Diersing's motion to suppress was filed November 14, 2011.

**{¶12}** Thirty-five days from October 7, 2011 is Friday, November 12, 2011. That day was Veteran's Day, a legal holiday. Crim. R. 45(A) provides that if the last day of a

specified time period ends on a weekend or a legal holiday, the period runs until the end of the next day that is not a Saturday, Sunday or legal holiday. In the case at bar, that would be Monday, November 14, 2011. Thus, Diersing's motion to suppress was timely filed within thirty-five days of his arraignment.

{¶13} The state argues that the trial court correctly dismissed the motion because Diersing failed to comply with Delaware County Court of Common Pleas, Local Rule 7.07, which state in relevant part,

> If an oral hearing on the motion is desired, the motion shall contain a request for an oral hearing, with the anticipated length of the hearing in the caption.

{¶14} The state submits that Diersing failed to request an oral hearing on his motion to suppress and failed to set forth the anticipated length of the hearing. According to the state, the trial court was correct to dismiss the motion for failure to comply with the local rule.

{¶15} We begin by noting that our own Local Appellate Rules clearly and unequivocally inform a party that failure to comply with the rules can result in dismissal. 5th Dist.Loc.R. 5 provides,

> Rule 5 Dismissals for failure to prosecute the appeal
>
> *Unless the appellant demonstrates that no undue delay and no prejudice to appellee has been caused by the failure to comply with the rules,* the following shall be deemed good cause for dismissal of an appeal, sua sponte, for failure to prosecute:

(A) Failure to cause the record on appeal to be timely transmitted to the clerk of this Court;

(B) Failure to timely file the brief or otherwise fail to comply with all the provisions of App.R. 16 or Loc.App.R. 9;

(C) Failure to timely file a fully completed docketing statement pursuant to Loc.App.R. 6.

{¶16} Emphasis added. Delaware County recognizes that due process prefers notice to a litigant of the potential for dismissal as a sanction for failure to comply with a local rule. Local Rule 7.03 provides,

7.03 Upon filing and where appropriate, complaints shall have attached proof of assignment from the original creditor or original party in interest to the plaintiff establishing standing and jurisdiction of the court. The court *may dismiss the complaint without prejudice* if the proof of assignment is not attached to the complaint upon filing.

{¶17} Emphasis added. Local Rule 7.05 likewise provides notice of a possible dismissal for failure to comply with the rule,

7.05 Except as otherwise ordered by the trial judge, all motions (except dispositive motions) shall be accompanied by a proposed entry. Failure to submit a proposed entry may delay consideration of the motion *or result in the court denying the motion for failure to comply with this rule.*

Emphasis added. In *Webster v. Timken Co.*, 5th Dist. No. 2004CA00260, 2005-Ohio-1759, this Court observed,

It is a fundamental tenet of judicial review in Ohio that courts should decide cases on the merits. See, e.g., *Cobb v. Cobb* (1980), 62 Ohio St.2d 124, 403 N.E.2d 991. Judicial discretion must be carefully-and cautiously-exercised before this court will uphold an outright dismissal of a case on purely procedural grounds.

"Judicial discretion" was defined by the Ohio Supreme Court as: "* * * the option which a judge may exercise between the doing and not doing of a thing which cannot be demanded as an absolute legal right, guided by the spirit, principles and analogies of the law, and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case." *Krupp v. Poor* (1970), 24 Ohio St.2d 123, 265 N.E.2d 268, paragraph two of the syllabus.

Upon review, we find the facts of this case to be substantially similar to those in *Dehart v. Aetna Life Insurance Co.*, (1982) 69 Ohio St. 2d 189, 431 N.E. 2d 644. In *Dehart*, counsel for Appellant had inadvertently placed a checkmark on the Praecipe indicating the need for a transcript in his appeal to the Court of Appeals, when in fact there was no transcript because the trial court had disposed of the matter pursuant to summary judgment. Based on the failure of Appellant to file a transcript, the Court of Appeals dismissed the matter sua sponte pursuant to its local rules. Appellant filed a motion for reconsideration and for leave to amend the Praecipe, which the Court of Appeals denied.

Upon review, the Supreme Court reversed the lower court, finding: "The particular circumstances of the case sub judice include: (1) appellant's counsel's mistake was inadvertent, correctable and made in good faith, not as part of a continuing course of conduct for the purpose of delay, (2) appellee suffered no prejudice from this error, (3) the Court of Appeals suffered no prejudice from this error since the entire record was before the court at the time the case was dismissed, (4) the sanction of dismissal for a hyper-technical, clerical error is disproportionately harsh in view of the nature of the mistake, and (5) appellant should not be punished for a highly technical error of his counsel."

The Supreme Court went on to hold:

"Only a flagrant, substantial disregard for the court rules can justify a dismissal on procedural grounds. Local rules, at any level of our state court system, should not be used as a judicial mine field, with disaster lurking at every step along the way. Since appellant's counsel's error was a minor, technical, correctable, inadvertent oversight, we find no conceivable justification for a disposition, by the Court of Appeals, other than on the merits."

*Webster* at ¶¶ 15-22.

**{¶18}** Applying the five-prong *Dehart* test herein, it is clear that the trial court abused its discretion in dismissing Diersing's motion to suppress. There is no evidence in the record that Diersing's failure to comply with the local rule was part of a continuing course of conduct designed to delay the proceedings. Rather, it appears to be based

upon a common sense belief that virtually every motion to suppress requires an evidentiary hearing that requires the state to go forward to establish the actions were in fact constitutional. Moreover, we feel that the dismissal of the motion to suppress is a sanction that is greatly disproportionate to the procedural error. In addition, no conceivable prejudice to the opposing party or to the court could result from this minor, technical error. *National Mut. Ins. Co. v. Papenhagen*, 30 Ohio St.3d 14, 16, 505 N.E.2d 980.

{¶19} Accordingly, we hold the trial court abused its discretion in denying Diersing's timely motion to suppress for failing to request for an oral hearing with the anticipated length in the caption of the motion per Local Rule 7.07.

{¶20} Accordingly, Diersing's sole assignment of error is sustained.

{¶21} The judgment of the Delaware County Court of Common Pleas is reversed and this case is remanded for further proceedings consistent with this opinion.

By Gwin, P.J.,

Hoffman, J., and

Farmer, J., concur

_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER


WSG:clw 0910

[Cite as *State v. Diersing*, 2012-Ohio-4673.]

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

STATE OF OHIO                                    :
                                                 :
                    Plaintiff-Appellee           :
                                                 :
                                                 :
-vs-                                             :          JUDGMENT ENTRY
                                                 :
RONALD J. DIERSING, JR.                          :
                                                 :
                                                 :
                    Defendant-Appellant          :          CASE NO. 2012-CA-26


    For the reasons stated in our accompanying Memorandum-Opinion, the judgment of

the Delaware County Court of Common Pleas is reversed and this case is remanded for

further proceedings consistent with this opinion.  Costs to appellee.


                                        _____
                                        HON. W. SCOTT GWIN


                                        _____
                                        HON. WILLIAM B. HOFFMAN


                                        _____
                                        HON. SHEILA G. FARMER