[Cite as *McCollum v. Bolgrin*, 2014-Ohio-1167.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| SHAWNDA MCCOLLUM, ET AL. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiffs-Appellants | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2013CA00136 |
| | : | |
| MAX E. BOLGRIN | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Stark County Court of
Common Pleas, Case No.
2013CV01292



JUDGMENT:     REVERSED AND REMANDED



DATE OF JUDGMENT ENTRY:     March 3, 2014



APPEARANCES:

For Plaintiffs-Appellants:          For Defendant-Appellee:

MARY E. REYNOLDS               MARK F. FISCHER
SHANNON M. DRAHER             MATTHEW J. WALKER
MORROW & MEYER, LLC          FISCHER, EVANS & ROBBINS, LTD.
6269 Frank Road, NW            4505 Stephen Circle N.W., Suite 100
North Canton, OH 44720          Canton, OH 44718

*Delaney, J.*

{¶1} Plaintiffs-Appellants Shawnda McCollum and Stephen McCollum appeal the June 27, 2013 judgment entry of the Stark County Court of Common Pleas.

### FACTS AND PROCEDURAL HISTORY

{¶2} On May 10, 2011, Plaintiff-Appellant Shawnda McCollum was involved in a motor vehicle accident with Defendant-Appellee Max E. Bolgrin.

{¶3} Plaintiffs-Appellants Shawnda and Stephen McCollum attempted to file a personal injury action against Bolgrin in the Stark County Court of Common Pleas. The statute of limitations for the McCollums' claims expired on May 10, 2013. On May 7, 2013, counsel for the McCollums mailed a Complaint for Personal Injuries and a Designation Form to the Stark County Clerk of Courts. Pursuant to Loc.R. 9.02 of the Court of Common Pleas of Stark County, General Division, every complaint filed with the Clerk of Courts must be accompanied by a Designation Form, which states the caption and the general nature of the action. The Stark County Clerk of Courts received the McCollums' Complaint and Designation Form on May 8, 2013.

{¶4} The Clerk of Courts refused to file the Complaint because the McCollums did not properly complete the Designation Form. Loc.R. 9.02 states, "[t]his form must be filled out in its entirety and every question must be answered. The Clerk is instructed to refuse to accept for filing any case that does not conform to these rules." The McCollums failed to complete two sections on the Designation Form: "Brief Factual Summary" and "Description of damages including all special damages to date."

{¶5} On May 13, 2013, counsel for the McCollums received the unfiled Complaint from the Clerk of Courts. That same day, counsel for the McCollums filed a

"Motion of Plaintiffs for Order Deeming Complaint Filed as of the Date May 8, 2013." Because the case was not yet assigned, the Administrative Judge reviewed the motion and granted the McCollums' motion that the Complaint be deemed filed as of May 8, 2013. The judgment entry was filed May 13, 2013.

{¶6}  On June 5, 2013, Bolgrin filed a Motion for Summary Judgment and Motion to Vacate 5-13-13 Judgment Entry. In the motion, Bolgrin requested the trial court vacate the May 13, 2013 judgment entry that allowed the McCollums to deem their complaint filed as of May 8, 2013. His argument was based on this court's decision in *Norris v. Yamaha Motor Corp. U.S.A.*, 5th Dist. Stark No. 2008 CA 00296, 2009-Ohio-4158. Bolgrin's summary judgment motion argued the McCollums' complaint was filed on May 13, 2013, after the expiration of the statute of limitations.

{¶7}  The trial court granted the motion to vacate and motion for summary judgment on June 27, 2013. The McCollums filed the instant appeal.

## ASSIGNMENT OF ERROR

{¶8}  The McCollums raise one Assignment of Error:

{¶9}  "THE TRIAL COURT ERRED IN GRANTING DEFENDANT-APPELLEE MAX E. BOLGRIN'S MOTION TO VACATE THE JUDGMENT ENTRY FILED ON MAY 13, 2013 AND MOTION FOR SUMMARY JUDGMENT AND DISMISSING PLAINTIFFS-APPELLANT'S COMPLAINT."

## ANALYSIS

{¶10} The McCollums argue the trial court erred in vacating the May 13, 2013 judgment entry and granting summary judgment in favor of Bolgrin. We agree.

{¶11} The Stark County Clerk of Courts refused to file the McCollums' complaint on May 8, 2013 based on Loc.R. 9.02 of the Court of Common Pleas of Stark County, General Division. The Judges of the Stark County Court of Common Pleas, General Division, enacted the Local Rules of Practice for use by the Clerk of Courts, the legal community, and the public. Loc.R. 9.02 specifies the manner in which a complaint must be filed with the General Division of the common pleas court. The rule states:

> Every Complaint shall be accompanied by a Designation Form, available
>
> from the Clerk of Court or Administrative Office (FAX copies are available
>
> upon request, see appendices), stating the caption and the general nature
>
> of the action in accordance with the following types:
>
> * * *
>
> This form must be filled out in its entirety and every question must be
>
> answered. The Clerk is instructed to refuse to accept for filing any case
>
> that does not conform to these rules. The purpose of this rule is to assist
>
> the Court in managing its caseload, records, and reporting requirements to
>
> the Supreme Court of Ohio pursuant to C.P.Sup.R. 5.

There is no dispute the McCollums failed to complete two sections of the Designation Form when they attempted to file their complaint on May 8, 2013.

{¶12} Bolgrin argued in his motion to vacate and motion for summary judgment that the trial court should vacate the May 13, 2013 judgment entry based on our decision in *Norris v. Yamaha Motor Corp. U.S.A.*, 5th Dist. Stark No. 2008 CA 00296, 2009-Ohio-4158. In *Norris*, the plaintiff attempted to file his complaint with the Stark County Clerk of Courts on August 28, 2008. The Clerk of Courts, pursuant to Loc.R.

9.02, refused to file the complaint because the plaintiff failed to complete four sections of the Designation Form. The plaintiff filed the complaint with the completed Designation Form on September 10, 2008. The plaintiff in *Norris* did not move the trial court to consider the complaint timely filed. The defendant moved for summary judgment, arguing the plaintiff's claims were barred by the applicable statute of limitations. The trial court granted the motion for summary judgment and dismissed the plaintiff's claims. *Id.* at ¶ 6-9.

{¶13} Plaintiff appealed. We affirmed the decision of the trial court to dismiss the complaint because the plaintiff submitted his complaint for filing with a corrected Designation Form after the expiration of the statute of limitations. We based our decision to affirm on the trial court's application of Loc.R. 9.02. We found Loc.R. 9.02 afforded the Clerk of Courts and the trial court no discretion and a complaint submitted with an incomplete Designation Form must be rejected for filing. *Id.* at ¶ 35.

{¶14} Bolgrin argued the facts of the present case were directly on point with the facts of *Norris* and *Norris* required the trial court to dismiss the complaint as untimely filed. The facts of the case sub judice present this Court with the opportunity to review *Norris* and the underlying case law anew.

{¶15} The leading case on the issue raised by the McCollums is *DeHart v. Aetna Life Ins. Co.*, 69 Ohio St.2d 189, 431 N.E.2d 644 (1982). In *DeHart*, the Ohio Supreme Court reviewed the question whether a court of appeals properly dismissed an appeal for failure to comply with a local appellate rule as to the filing of a praecipe. The Court reemphasized the "fundamental tenet of judicial review in Ohio [is] that courts should decide cases on the merits. See, e.g., *Cobb v. Cobb* (1980), 62 Ohio St.2d 124, 403

N.E.2d 991. Judicial discretion must be carefully – and cautiously – exercised before this court will uphold an outright dismissal of a case on purely procedural grounds." *Id.* at 192. "'Judicial discretion was defined by this court as: '* * * the option which a judge may exercise between the doing and not doing a thing which cannot be demanded as an absolute right, guided by the spirit, principles and analogies of the law and founded upon the reason and conscience of the judge, to a just result in the light of the particular circumstances of the case.' *Krupp v. Poor*, 24 Ohio St.2d 123, 265 N.E.2d 268 (1970), paragraph two of the syllabus." *Id.*

{¶16} The Supreme Court reversed the decision of the court of appeals to dismiss the appeal for a violation of a local rule. In *DeHart*, the Court established a standard of review to determine whether a court "abuses its discretion when, after dismissing a case, *sua sponte*, for a minor, technical, correctable, inadvertent violation of a local rule, it refuses to reinstate the case when: (1) the mistake was made in good faith and not as part of a continuing course of conduct for purpose of delay, (2) neither the opposing party nor the court is prejudiced by the error, (3) dismissal is a sanction that is disproportionate to the nature of the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits." *DeHart* at syllabus.

{¶17} The Fifth District Court of Appeals relied upon *DeHart* in *Webster v. Timken Co.*, 5th Dist. Stark No. 2004CA00260, 2005-Ohio-1759, to reverse a trial court's judgment to dismiss an action based on an incomplete Civil Cover Sheet. The plaintiff filed a complaint on September 10, 2001 and voluntarily dismissed the action on June 10, 2003. *Id.* at ¶ 4-5. The plaintiff submitted the complaint to the Stark County

Clerk of Courts for re-filing on June 9, 2004. *Id.* at ¶ 7. The plaintiff failed to place a check mark on the Civil Cover Sheet indicating the matter was a personal injury action. *Id.* The Clerk of Courts refused to file the complaint and returned the complaint to the plaintiff. *Id.* The plaintiff re-filed the complaint on June 14, 2004. *Id.* at ¶ 9.

{¶18} The defendant filed a motion to dismiss the plaintiff's complaint because the plaintiff filed the complaint outside the applicable statute of limitations. *Id.* at ¶ 10. The trial court granted the motion to dismiss. *Id.* at ¶ 11. On appeal, we reversed the decision of the trial court to dismiss the complaint. We relied on *DeHart* to find the trial court abused its discretion in dismissing the complaint for a technical oversight.

{¶19} In *State v. Diersing*, 5th Dist. Delaware No. 2012-CA-26, 2012-Ohio-4673, this Court utilized the rationale of *DeHart* to overrule the trial court's decision to dismiss the defendant's motion to suppress as being untimely filed. The defendant failed to request an oral hearing on his motion to suppress and failed to set forth the anticipated length of the hearing pursuant to Loc.R. 7.07 of the Court of Common Pleas of Delaware County, General Division. *Id.* at ¶ 13-14. We applied the five-part test of *DeHart* to find the trial court abused its discretion in dismissing the motion to suppress. *Id.* at ¶ 18.

{¶20} With those cases in mind, we review our decision in *Norris*. In *Norris*, we held that based on Loc.R. 9.02 of the Stark County Court of Common Pleas, General Division, the Clerk of Courts and the trial court had no discretion but to find the complaint was improperly filed based on an incomplete Designation Form. We considered the facts of *DeHart* and *Webster* to the facts in *Norris* and found that neither case was applicable. *DeHart*, however, directs the court to consider the five-part test to

determine whether to dismiss a case for a minor, technical, correctable, inadvertent violation of a local rule. *Norris* can be interpreted as a bright-line rule that gives the trial court no discretion but to dismiss a complaint if a plaintiff fails to complete portions of a Designation Form. Loc.R. 9.02 directs the Clerk of Courts to refuse to file a complaint for failure to complete the Designation Form, but Loc.R. 9.02 does not prevent the trial court from exercising its judicial discretion before dismissing a complaint for a technical filing error. We clarify *Norris* to follow the holdings of *DeHart, Webster,* and *Diersing* that when presented with the issue of whether to dismiss a complaint for a minor violation of a local rule, the trial court should consider whether: (1) the mistake was made in good faith and not as part of a continuing course of conduct for purpose of delay, (2) neither the opposing party nor the court is prejudiced by the error, (3) dismissal is a sanction that is disproportionate to the nature of the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits.

{¶21} The procedural history of the present case differs from that in *Norris*. The plaintiff in *Norris* filed the complaint with the correct Designation Form after the expiration of the statute of limitations. In the present case, when the McCollums filed the complaint with the correct Designation Form, they also filed with the trial court a motion requesting the complaint be deemed filed as of May 8, 2013. The Administrative Judge granted the McCollums' motion on May 13, 2013.

{¶22} The trial court's judgment granting the motion to vacate and motion for summary judgment in favor of Bolgrin cites only to *Norris* to hold that Loc.R. 9.02 does not provide for the exercise of any discretion by the Clerk of Courts or by the trial court

on whether a complaint should be filed due to an incorrect Designation Form. The trial court's judgment did not consider the five-part test as found in *DeHart*. We reverse the judgment of the trial court and remand the matter to the trial court to conduct an analysis pursuant to *DeHart* to determine whether to vacate the May 13, 2013 judgment and motion for summary judgment.

{¶23} The McCollums' sole Assignment of Error is sustained.

## CONCLUSION

{¶24} The judgment of the Stark County Court of Common Pleas is reversed. The matter is remanded to the trial court for further proceedings consistent with this opinion and law.

By:  Delaney, J.,

Gwin, P.J., concur,

Hoffman, J.,dissents.

*Hoffman, P.J., dissenting*

{¶25}  Although I recognize *Norris* is procedurally different from the case sub judice, I would overturn *Norris* and outright reverse the trial court's dismissial in this case based upon an analysis of the factors in *DeHart*.