[Cite as *Seaman v. Sloan*, 2016-Ohio-5432.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Ari M. Siegel Seaman                                     Court of Appeals No. L-15-1150

    Appellant                                        Trial Court No. DM2002-5026

v.

Sara P. Sloan                                           **DECISION AND JUDGMENT**

    Appellee                                         Decided:  August 19, 2016

* * * * *

Douglas K. Jordan, for appellant.

Jerome Phillips and Theodore B. Tucker, III for appellee.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, overruling appellant's, Ari Siegel, objections to the magistrate's decision, and finding appellant in contempt of court for failing to pay his child support obligations.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} This matter concerns appellant's alleged noncompliance with an October 23, 2012 order of the trial court entered by agreement of the parties. Pursuant to that order, appellant agreed to pay to appellee, Sara Sloan, a total child support obligation of $1,656.59 per month. Appellant also agreed to pay any extraordinary medical expenses for their two children in proportion to his and appellee's relative incomes. Finally, appellant agreed to pay a $14,800 judgment, which was comprised of $10,000 for Bat Mitzvah expenses, $2,800 for extraordinary medical expenses, and $2,000 for appellee's attorney fees. Notably, the trial court stated that the $14,800 judgment was in the nature of child support. Further, the trial court stayed the execution of such judgment provided that appellant pay $500 per month to appellee until the judgment was repaid.

{¶ 3} On March 27, 2013, appellee filed a motion for contempt, alleging that appellant had failed to make his required payments. The matter was eventually scheduled for a hearing on January 28, 2014. Shortly before the hearing, appellant moved to dismiss the motion to show cause on account of his recent payment of child support in the amount of $29,244.56, which made him current on his monthly child support obligations through February 2014. The magistrate denied appellant's motion to dismiss, and ultimately rescheduled the hearing for August 6, 2014.

{¶ 4} Seven days before the hearing, on July 30, 2014, appellee filed a supplemental motion for contempt. In her supplemental motion, appellee alleged that appellant has continued to fail to pay his monthly child support, has failed to pay medical

2.

expenses of $16,896.34 incurred since the March 27, 2013 motion for contempt, and has failed to pay $559.16 in attorney fees that were awarded when appellant did not comply with discovery requests pertaining to the motion for contempt.

{¶ 5} On the day of the hearing, appellant filed a motion in limine seeking to prevent appellee from presenting evidence relative to the allegations in the supplemental motion for contempt. Appellant argued that the only matters that should be before the court are those that were raised in the initial motion for contempt. Furthermore, appellant argued that appellee should be precluded from presenting evidence relative to the $14,800 lump sum judgment, as the court lacks continuing jurisdiction to enforce that judgment through contempt proceedings.

{¶ 6} At the beginning of the hearing, the court denied appellant's motion in limine. Testimony then was taken from appellant and appellee.

{¶ 7} Appellant testified that as to the monthly child support, he has never made the scheduled $1,656.59 payment, but that he paid the current balance as of February 2014. Appellant has not paid any child support since then. As to the medical expenses, appellant acknowledged that he has not made any payments since the October 23, 2012 order. Appellant asserted that he has not received any of the medical bills as required by the Lucas County medical schedule, and thus he should not have to pay them. However, appellant acknowledged that the children were on his insurance policy, and that he would sometimes receive the statement from the insurance company of what it did and did not pay. Appellant also testified that he entered into a contract with the orthodontist for his

3.

daughter's braces, but failed to pay the amount that was due. As to the lump sum judgment, appellant conceded that he only made one of the scheduled $500 payments, but argued that he does not think that he should be held in contempt for failing to pay the judgment. Finally, appellant testified that he had a check in his car to pay the $559.16 in attorney's fees to appellee's attorney.

{¶ 8} Appellee testified in regards to the child support that while appellant made the $29,244.56 payment in January 2014, he has not made any payments since then, and has a current child support arrearage of $11,593.37. As to the medical expenses, appellee testified that she initially sent copies of the bills to appellant by certified mail, but appellant would not accept them. Appellee then sent the bills to her attorney, who then forwarded the bills to appellant's attorney. An itemization of the bills, prepared by appellee's attorney, was entered into evidence. Appellee testified that the itemization reflected appellant's share of the responsibility for the medical expenses as determined by the October 23, 2012 order. Appellee asserted that she has already paid all of the bills. On cross-examination, appellee was challenged on whether she complied with the Lucas County Court of Common Pleas, Domestic Relations Division medical schedule, which requires the residential parent to notify the non-residential parent of any necessary, extraordinary, non-emergency medical treatment so as to allow the non-residential parent ten days to schedule an independent evaluation.

{¶ 9} Following the hearing, on October 30, 2014, the magistrate entered her decision finding appellant in contempt, and sentencing him to up to 30 days in jail with

4.

the purge provision that appellant pay $750 a month for three months beginning December 10, 2014. The magistrate further ordered the outstanding balance of $14,300 on the lump sum judgment, as well as the recent medical expenses of $16,896.24, to be added to appellant's child support arrears. Appellant was ordered to pay his monthly child support as well as 30 percent of that monthly amount towards his arrears. Finally, the magistrate ordered appellant to pay $7,612.16 for appellee's attorney fees. The trial court adopted the magistrate's decision on the same day.

{¶ 10} Thereafter, appellant objected to the magistrate's October 30, 2014 decision, with his supplemental objections being filed on December 29, 2014. Appellee filed her memorandum in opposition to the objections on February 20, 2015. In a judgment journalized on May 5, 2015, the trial court denied appellant's objections.

## II. Assignments of Error

{¶ 11} Appellant has timely appealed the trial court's May 1, 2015 judgment, and now raises five assignments of error for our review, which are similar to his objections to the magistrate's decision:

1. The trial court abused its discretion and committed reversible error by dismissing Plaintiff's Motion to Dismiss Defendant's Motion to Show Cause, and by not dismissing Defendant's Motion to Show Cause AKA Defendant's Motion for Contempt.

2. The trial court abused its discretion and committed reversible error by finding Plaintiff Siegel in contempt of court for nonpayment of a

lump-sum judgment; for changing the character of the lump-sum judgment to child support; and for ordering it paid through the Lucas County Child Support Enforcement Agency.

3. The trial court abused its discretion and committed reversible error by dismissing Plaintiff Siegel's Motion in Limine.

4. The trial court abused its discretion and committed reversible error by finding Plaintiff in contempt of court for failing to pay medical bills.

5. The trial court abused its discretion and committed reversible error by ordering Plaintiff Siegel to pay Defendant Sloan's attorney's fees.

### III. Analysis

{¶ 12} We review a trial court's ruling on contempt proceedings for an abuse of discretion. *Beck v. Beck*, 6th Dist. Fulton No. F-07-021, 2008-Ohio-4027, ¶ 19. An abuse of discretion connotes that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1984).

{¶ 13} For ease of discussion, we will address appellant's assignments of error out of order, beginning with his third assignment of error. In that assignment of error, appellant argues that the trial court abused its discretion when it permitted appellee to present evidence relative to her supplemental motion to show cause. Appellant contends

6.

that the hearing should have been limited to only the issues raised in the initial motion for contempt as of the date it was filed on March 27, 2013.

{¶ 14} In support, he initially argues that consideration of the supplemental motion deprived him of his due process rights because it was heard within seven days of its filing in contravention of Loc.R. 7.01(B) of the Court of Common Pleas of Lucas County, Domestic Relations Division, which states, "Said motion shall not be set for hearing within seven (7) days of the date filed, except with the prior approval of the assigned Judge or Magistrate." Moreover, to the extent that appellee received prior approval, appellant argues that she did so ex parte. Alternatively, appellant compares the motion for contempt to a complaint, and contends that the rules pertaining to filing a supplemental complaint should apply. However, we note that appellant did not raise the issues of timing or due process in his motion in limine, instead, raising it for the first time in his objections to the magistrate's decision. Thus, the issue was not before the magistrate. *See State ex rel. Durbin v. Indus. Comm.*, 10th Dist. Franklin No. 10AP-712, 2012-Ohio-664, ¶ 10 ("[I]ssues being raised for the first time on objections to the magistrate's decision without having first appeared in the complaint were not properly before the court."). Therefore, we hold that the trial court did not abuse its discretion in overruling appellant's objection on the basis of due process to the magistrate's denial of his motion in limine.

{¶ 15} Appellant next argues that the trial court abused its discretion because the supplemental motion did not contain any additional issues outside of those raised in the

7.

March 27, 2013 motion for contempt.[1]  Indeed, both the original March 27, 2013 motion, and the supplemental July 30, 2014 motion addressed the same subject matter, namely appellant's obligations under the October 23, 2012 order.  Nevertheless, contrary to appellant's argument, that does not mean that the supplemental motion did not contain new issues.  Rather, the supplemental motion contained allegations of appellant's continued failure to make the required payments during the period between the two motions.  Therefore, we hold that the trial court did not abuse its discretion when it overruled appellant's objection to the magistrate's consideration of the issues raised in the supplemental motion.

{¶ 16} Accordingly, appellant's third assignment of error is not well-taken.

{¶ 17} In his fourth assignment of error, appellant argues that the trial court abused its discretion by finding him in contempt for failure to pay his children's extraordinary medical bills because appellee did not comply with the Lucas County Court of Common Pleas, Domestic Relations Division medical schedule.  Appellant asserts two ways that appellee failed to comply with the medical schedule.  First, she did not send copies of the bills within 30 days of the billing.  Second, she did not notify him of any proposed extraordinary, non-emergency treatment so that he could obtain an independent evaluation.

---

[1] The supplemental motion did include an allegation that appellant failed to pay attorney's fees awarded subsequent to the March 27, 2013 motion for contempt. However, those fees were paid on the day of the hearing and are not an issue in this appeal.

8.

{¶ 18} As to the former, the magistrate found, based on appellee's testimony, that appellee initially sent several bills via certified mail to appellant, but that appellant refused to accept them. Appellee testified that she then sought the advice of counsel, and based on that advice, gave the medical bills to her attorney who forwarded them to appellant's attorney. The trial court, in overruling appellant's objection, also noted that the children's insurance was through appellant's plan, and thus appellant would receive copies of the bills from the insurer. Finally, a large portion of the bills were for the children's braces, for which appellant entered into a contract with the orthodontist, yet still failed to pay. Thus, we find no merit to appellant's argument that he should not be held in contempt for failing to pay the medical expenses because he was somehow unaware of the bills.

{¶ 19} As to the latter argument, paragraph seven of the medical schedule provides,

> When it is determined that the child will require extraordinary, non-emergency treatment, the residential parent shall notify the non-residential parent in writing of the proposed course of treatment and the cost. The non-residential parent may schedule an independent evaluation within ten (10) days of the written notice. Failure to promptly notify the non-residential parent of extraordinary treatment may result in the Court allocating the medical expense to the residential parent.

9.

**{¶ 20}** In this case, there is a dispute between the parties whether appellee notified appellant in advance of shoulder surgery that was required for one of their children. Appellant contends that he was not provided with notice, and concludes that he should not be held in contempt for failing to pay the medical bills because appellee failed to comply with the medical schedule. As support, appellant cites a five-part test to determine whether to dismiss a complaint for a minor violation of a local rule, which considers whether

(1) the mistake was made in good faith and not as part of a continuing course of conduct for purposes of delay, (2) neither the opposing party nor the court is prejudiced by the error, (3) dismissal is a sanction that is disproportionate to the nature of the mistake, (4) the client will be unfairly punished for the fault of his counsel, and (5) dismissal frustrates the prevailing policy of deciding cases on the merits. *McCollum v. Bolgrin*, 2014-Ohio-1167, 10 N.E.3d 744, ¶ 20 (5th Dist.).

**{¶ 21}** However, we need not discuss or determine the applicability of the five-part test because even if appellee failed to notify appellant in advance of the extraordinary, non-emergency medical treatment, such failure "*may* result in the Court allocating the medical expense to the residential parent." (Emphasis added.) Loc.R. 13.07(D) of the Lucas County Court of Common Pleas, Domestic Relations Division. Here, the magistrate did not change the allocation of the medical expenses. Further, given appellant's history of not paying his children's extraordinary medical expenses,

which the trial court noted, we hold that the court did not abuse its discretion in denying appellant's objection to the magistrate's finding of contempt on this basis.

{¶ 22} Accordingly, appellant's fourth assignment of error is not well-taken.

{¶ 23} Turning to appellant's second assignment of error, appellant argues that the trial court abused its discretion for finding him in contempt for his failure to pay the lump sum judgment of $14,300.  In support, appellant cites *Sizemore v. Sizemore*, 12th Dist. Warren No. CA2009-04-045, 2010-Ohio-1525, ¶ 15, in which the Twelfth District reasoned,

> Maintaining the distinction between "judgments" and continuing "orders" of the court is particularly important in light of the different characteristics attributable to each remedy; while contempt is the proper remedy to enforce continuing "orders" to pay child support arrearages, child support arrearages that have been reduced to lump sum "judgments" are properly enforced through execution and levying proceedings.  Once child support arrearages have been reduced to a lump sum judgment, contempt has no place in enforcing the outstanding obligation.

The Twelfth District concluded that using contempt to imprison a party for failing to pay a lump sum judgment would violate Article I, Section 15 of the Ohio Constitution, which provides, "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud."  *Sizemore* at ¶ 18.

11.

{¶ 24} We agree with appellant that the magistrate should not have found appellant in contempt for failing to pay the lump sum judgment, albeit for a slightly different reason. We reject the Twelfth District's conclusion in *Sizemore* to the extent that it holds that child support obligations that have been reduced to a lump sum judgment constitute a "debt." Rather, we find instructive the Supreme Court of Ohio's reasoning in *Cramer v. Petrie*, 70 Ohio St.3d 131, 135-136, 637 N.E.2d 882 (1994), in which it held that "an order to pay child support may be enforced by means of imprisonment through contempt proceedings even after the child who is the subject of the order is emancipated":

We do not view an obligation to pay child support as such a debt. An obligation to pay child support arises by operation of law and is a personal duty owed to the former spouse, the child, and society in general. It does not arise out of any business transaction or contractual agreement, as does an ordinary debt. Thus, we have consistently held that support obligations are not debts in the ordinary sense of that word.

{¶ 25} Relying on *Cramer*, we conclude that it is not the form of the obligation— ongoing monthly payments or a lump sum—but instead the nature of the obligation as child support that determines that it is not a debt. Because the lump sum judgment is in the nature of child support, it does not violate Article I, Section 15 of the Ohio Constitution to imprison appellant for his failure to pay. *See Young v. Young*, 70 Ohio St.3d 679, 640 N.E.2d 839 (1994) (reversing the appellate court on the authority of

12.

*Cramer*, and reinstating the trial court's finding of contempt based on the failure to pay a lump sum judgment and continuing support obligations, all of which were referred to as "child support"); *Collette v. Baxter*, 9th Dist. Summit No. 25821, 2012-Ohio-1333, ¶ 11 (rejecting *Sizemore's* reasoning and holding that the trial court could order imprisonment for the failure to pay a lump sum judgment of attorney fees awarded in a contempt action for failure to pay child support).

{¶ 26} However, although imprisonment for contempt for failure to pay the lump sum judgment would not violate the constitution in this case, appellant should not have been held in contempt for failure to pay the lump sum judgment in the first instance. "The purpose of civil contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice. '* * * [T]he purpose of sanctions in a case of civil contempt is to coerce the contemnor in order to obtain compliance with the lawful orders of the court.'" *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 58, 271 N.E.2d 815 (1971), quoting *State v. United Steelworkers of Am.*, 172 Ohio St. 75, 83, 173 N.E.2d 331 (1961). Here, the October 23, 2012 entry did not order appellant to make payments on the lump sum judgment, rather it stayed execution of the judgment on the condition of appellant making payments. "It is this distinction between continuing orders and final judgments that demonstrates the reason why courts cannot use contempt proceedings to enforce lump-sum judgments." *Gibson v. Gibson*, 5th Dist. Stark No. 2011-CA-00186, 2012-Ohio-1161, ¶ 30. "A true lump-sum judgment does not order an obligor to do anything. It is well settled that a party cannot be found in contempt of court

13.

premised upon a failure to obey an order of the court if the order is not clear, definite, and unambiguous." *Id.* Therefore, because the October 23, 2012 entry did not include a continuing order to make the $500 monthly payments, appellant could not be held in contempt for failing to make them.

{¶ 27} Nevertheless, alternative grounds for holding appellant in contempt exist. As discussed in his third and fourth assignments of error, the magistrate properly considered the issues raised in appellee's supplemental motion for contempt, which included appellant's failure to make the ongoing monthly child support payments and his failure to pay his portion of the extraordinary medical expenses as ordered in the October 23, 2012 judgment. Notably, the magistrate did not limit her finding of contempt to appellant's failure to pay the lump sum judgment. Therefore, we hold that the trial court did not abuse its discretion in overruling appellant's objection and finding him in contempt.

{¶ 28} Accordingly, appellant's second assignment of error is not well-taken.

{¶ 29} In his fifth assignment of error, appellant presents two arguments why the trial court abused its discretion in awarding attorney fees. We find both to be without merit.

{¶ 30} First, appellant contends that attorney fees are inappropriate under R.C. 3109.05(C), which provides,

> If any person required to pay child support under an order made
>
> under division (A) of this section on or after April 15, 1985, or modified on

14.

or after December 1, 1986, is found in contempt of court for failure to make support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt.

Appellant asserts that the finding of contempt was erroneous, and therefore the court should not have awarded attorney fees. However, as discussed in appellant's second assignment of error, we have come to the opposite conclusion, and have determined that the trial court properly found appellant in contempt. Thus, ordering appellant to pay attorney fees pursuant to R.C. 3109.05 was appropriate.

{¶ 31} Alternatively, appellant argues that the court abused its discretion in awarding attorney fees because appellee is most responsible for prolonging the litigation. In the context of R.C. 3109.05, this argument is tantamount to contending that the attorney fees were unreasonable.[2] We disagree with appellant's characterization of the

_____

[2] Appellant raises this argument under R.C. 3105.73(B), which states,

> In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

reason for the prolonged litigation and note his continued failure to meet his support obligations, as well as his failure to timely comply with discovery requests. Moreover, appellant stipulated to the reasonableness of appellee's attorneys' fees at the hearing. Therefore, we hold that the trial court did not abuse its discretion when it overruled his objection to the magistrate's award of attorney fees based on the finding of contempt.

{¶ 32} Accordingly, appellant's fifth assignment of error is not well-taken.

{¶ 33} Finally, in his first assignment of error, appellant initially argues that the trial court erred in failing to dismiss appellee's motion for contempt for failure to pay support because the motion did not comply with Loc.R. 7.09(C) of the Lucas County Court of Common Pleas, Domestic Relations Division, which requires the inclusion of a statement from the Ohio Department of Job and Family Services.

{¶ 34} As recognized by appellee, however, appellant did not move for dismissal or argue against the motion for contempt on this ground. Furthermore, at the hearing, appellant stipulated to the Lucas County Child Support Enforcement Agency arrearage statement, and the amount of the unpaid support was never in dispute. Thus, we hold that the trial court did not abuse its discretion in not dismissing the motion for contempt on this basis.

{¶ 35} Appellant next argues that the trial court abused its discretion by finding him in contempt when he had already paid the child support. Appellant makes this argument in two separate instances. First, he contends that he should not have been held in contempt after he paid his outstanding child support in January 2014. Second, he

16.

contends that the trial court should not have overruled his objections to the magistrate's decision and found him in contempt when, in the time between the magistrate's October 30, 2014 decision, and the trial court's May 1, 2015 judgment, he paid the outstanding monthly child support, made the purge provision monthly payments of $750, and made his scheduled child support payments, including the amount towards his arrearages.

{¶ 36} Regarding the former instance, we find appellant's argument to be without merit because it does not consider appellee's supplemental motion for contempt. Thus, even though he ultimately complied with his monthly child support obligation through February 2014, appellant made no further child support payments after the one-time payment in January 2014. Furthermore, he acknowledged at the hearing on the motion for contempt that he was then over $11,000 behind in child support payments. As discussed in appellant's second assignment of error, failure to meet his ongoing obligation as raised in appellee's supplemental motion was an appropriate basis for finding appellant in contempt.

{¶ 37} As to the latter instance regarding the payments made between the magistrate's decision and the trial court's ruling on appellant's objections, we find that the record does not contain any evidence of those payments. While we have no reason to doubt appellant's assertions as true, it is well-settled that "A reviewing court cannot add matter to the record before it, which was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter." *State v. Ishmail*, 54 Ohio St.2d

17.

402, 377 N.E.2d 500 (1978), paragraph one of the syllabus.  Therefore, we cannot hold that the trial court abused its discretion in overruling appellant's objections to the magistrate's decision and finding him in contempt.

{¶ 38} In support of his first assignment of error, appellant also raises and incorporates the same arguments from his second, fourth, and fifth assignments of error. For the reasons stated in our discussion of those assignments of error, we find appellant's arguments to be without merit.

{¶ 39} Accordingly, appellant's first assignment of error is not well-taken.

## IV.  Conclusion

{¶ 40} For the foregoing reasons, we find that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division is affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

18.

Mark L. Pietrykowski, J.          _____
                                              JUDGE

Stephen A. Yarbrough, J.          
                                  _____
James D. Jensen, P.J.                         JUDGE
CONCUR.

                                  _____
                                              JUDGE